Thomas Cyril RICE, Appellant,

v.

The STATE of Wyoming, Appellee.

No. 4066.

Supreme Court of Wyoming.

Sept. 1, 1972.

Christian S. Hinckley, of McKinney, Hinckley & Hinckley, Basin, for appellant.

Clarence A. Brimmer, Atty. Gen., and William M. Kallal, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

Thomas Cyril Rice is appealing from a conviction of two counts of kidnapping, two counts of assault with a deadly weapon, and one count of automobile theft. There seems to be no dispute about what the defendant did. Reversal is sought on the grounds that (1) the state failed to prove Rice's sanity when the offenses were committed; and (2) the trial court failed to instruct as to an essential element of the crimes and as to the state's burden on the issue of sanity.

It is undisputed that Rice, after drinking heavily for some time, forced a policeman and businessman at gunpoint into his car. The car was driven to the home of a minister and he was induced into getting in the automobile. After some driving

around the town of Greybull, during which time Rice exchanged some shots with the sheriff and his deputy, the car was driven to the Frank Killam ranch out of Greybull. Here Rice took the Killam car and forced Mr. and Mrs. Killam to accompany him and the other three men. Rice caused the car to be driven to Cody, then to Powell, Cowley and Lovell. On the road between Lovell and Greybull Rice demanded that the car be stopped. He got out and allowed the other occupants to leave.

### The Sanity Question

■ As recently as our decision in Reilly v. State, Wyo., 496 P.2d 899, 902, we recognized that the burden of proving sanity beyond a reasonable doubt rests upon the state. In this instance, however, there was ample evidence for the jury to believe Rice was sane at the time of his offenses.

It is true Dr. Joseph Rich, a court-appointed psychiatrist, testified Rice was insane when he committed the acts complained of. However, the state points out that Dr. Rich was inexperienced, having been in practice for only two and one-half months. Also, this was his first criminal case, and he was not certified by the Board of the American Psychiatric Association.

In contradiction of Dr. Rich's opinion that Rice was insane at the time in question, he testified to the belief that Rice knew who he was and where he was. Also, the doctor testified several times that Rice was completely rational and sane when he examined him. If that was so, the jury might infer Dr. Rich was only speculating and guessing as to his sanity at the time he committed the offenses involved.

■ A jury can always disregard the testimony of an expert if the jurors find it to be unreasonable. People v. Ketchel, 59 Cal.2d 503, 30 Cal.Rptr. 538, 381 P.2d 394, 406; People v. Tucker, 88 Cal.App.2d 333, 198 P.2d 941, 944–945. Moreover, the testimony of Dr. Rich was merely part of the evidence and it had to be considered with

other evidence bearing on the question of the defendant's sanity. See State v. Cano, 103 Ariz. 37, 436 P.2d 586, 590; State v. London, 131 Mont. 410, 310 P.2d 571, 585–586; and State v. Velsir, 61 Wyo. 476, 159 P.2d 371, 377.

Dr. William Pace, Associate Superintendent of the Wyoming State Hospital, testified concerning a report made when Rice was examined at the state hospital. According to the report, it was the opinion of Dr. Pace and of the professional staff that Rice was able to understand the nature and quality of his actions and to differentiate right from wrong at the time of the commission of the alleged offenses.

■ Dr. Pace testified specifically that he believed the defendant was sane when he was not completely under the influence of alcohol. To what extent Rice may or may not have been under the influence of alcohol at the time in question was not something Dr. Pace could testify to and he did not attempt to do so. We indicated in Lonquest v. State, Wyo., 495 P.2d 575, 582, that the understanding of one who has been drinking must be determined on the facts of each particular case. In Rice's case, it was for the jury to decide whether his drinking had rendered him insane.

■ There was a host of lay witnesses who testified concerning Rice's sanity and as to his drinking and understanding of what he was doing. This included personal friends of the defendant, defense witnesses, the defendant's wife, and even the defendant himself. Without reviewing all of this evidence, we can say it was unquestionably sufficient for the jury to believe Rice was sane and knew what he was doing and that he knew he was doing wrong at the times we are concerned with.

Rice testified he remembered taking several drinks and he remembered leaving the car and hitchhiking home. He also remembered asking a friend the next morning if anyone had been hurt from the shooting which took place. His wife testi-

fied her husband drank voluntarily off and on and never had any problems before.

Counsel for appellant cites Gustavenson v. State, 10 Wyo. 300, 68 P. 1006, 1010, recognizing that it stands for the rule that alcohol, when consumed voluntarily, is an exception to the rule that insanity is a sufficient defense. Counsel then urges upon us that Rice did not ingest alcohol *voluntarily* because he was a chronic alcoholic and had lost his control over the use of alcoholic beverages.

What counsel fails to consider in this argument is that we are not retrying the case as a fact finder. We cannot say as a matter of law in this case that Rice was a chronic alcoholic who had lost his control over the use of alcoholic beverages. It is quite apparent the jury found against such a claim and argument.

Section 6–16, W.S.1957, provides:

"Drunkenness shall not be an excuse for any crime * * *. Where a crime rests in intention, the inebriated condition of the defendant at the time of committing the offense may be proven to the jury, as bearing upon the question of intention."

■ If the defendant is to stand on a claim that he, because of drunkenness, could not have intended the consequences of his acts, that fact would first have to be *proven to the jury* as provided for in § 6–16. To claim insanity on account of drunkenness is equivalent to claiming the absence of intent on account of drunkenness. The question is clearly a jury question; and the jury was fully instructed on this subject.

### Instructions

The appellant argues the jury was not instructed that Rice's sanity was an essential element of the crime charged; and not instructed that the state had the burden of proving the defendant was sane beyond a reasonable doubt at the time of commission of the acts. Although no objections were made concerning the instructions, and no instructions were offered on behalf of the defendant pertaining to the matter now raised on appeal, appellant says the absence of such instructions was fundamental error.

■ We find the instructions given quite sufficient and we find no reason to say fundamental error occurred. In the first place, the jury was fully instructed as to each count of the information. It was then instructed that defendant had entered pleas of not guilty and not guilty by reason of insanity to each count of the information. Continuing in the same instruction the court stated, "upon the issues thus joined," the burden rests upon the state to prove to the satisfaction of each juror, beyond a reasonable doubt, every material allegation of the information.

The jury was also instructed that the defendant is presumed to be innocent of the crime charged until he is proven guilty beyond a reasonable doubt; and that this presumption entitles the defendant to an acquittal unless it is overcome by such evidence as to satisfy the jury of the defendant's guilt beyond a reasonable doubt.

Moreover, the jury was expressly instructed that if it finds, at the time of committing the act, the defendant as a result of disease of mind (a) was not able to distinguish between right and wrong; (b) nor did he understand and appreciate the nature and probable consequences of his actions or; (c) that defendant was incapable of exercising the normal governing power of the will so as to control his actions under the compulsion of an insane impulse to act, then the jury must find the defendant not guilty by reason of insanity of the crimes charged. It goes without saying that if this was not a proper or sufficient instruction to cover the matter of defendant's sanity, objection should have been made at the time of trial.

Finally, all forms for a guilty verdict which were submitted to the jury contained language to the effect that we, the jury, do find the defendant guilty of (here the particular crime was described) "and find the Defendant was sane at the time of the

commission of the offense." Thus, the jury could not have found the defendant guilty on any count without a specific finding that he was sane at the time the act was committed.

These things considered, we must hold there has been no showing of fundamental error in the jury instructions. Also, the evidence was such that the jury was amply justified in finding the defendant was sane when he committed the acts in question. His conviction must therefore be affirmed.

Affirmed.

GUTHRIE, J., not participating.