In the Matter of the WORKERS' COMPENSATION CLAIM of Fonda FANSLER, an Employee of Unicover Corporation.

Fonda FANSLER, Appellant
(Claimant/Petitioner),

v.

UNICOVER CORPORATION,

and

State of Wyoming, ex rel., Wyoming
Workers' Compensation Division,
Appellees (Respondents).

No. 95–179.

Supreme Court of Wyoming.

April 10, 1996.

Bert T. Ahlstrom, Jr., Cheyenne, for appellant.

Gregory C. Dyekman and Brandin Hay of Dray, Madison & Thomson, P.C., Cheyenne, for appellee Unicover Corporation.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General, Jennifer A. Evans, Assistant Attorney General, Cheyenne, for appellee State of Wyoming.

Before THOMAS, MACY, TAYLOR, and LEHMAN, JJ., and PRICE, District Judge.

PRICE, District Judge.

Appellant Fonda Fansler sought review in the district court of the hearing examiner's order which denied her worker's compensation benefits from and after November 30, 1993, for treatment or disability alleged to have resulted from her injury of September 1993. The District Court, First Judicial District, certified the case to this Court for review. Finding the hearing examiner's decision is supported by substantial evidence and otherwise in accordance with law, we affirm.

## ISSUES

Appellant states the single issue in the case:

Whether the hearing examiner erred in failing to follow existing law as to the benefit of doubt to be accorded an injured worker in such case, and in denying benefits to appellant, accordingly.

The Wyoming Workers' Compensation Division states the issue:

Whether the record contains substantial evidence to support the hearing examiner's determination that Claimant's injury did not arise out and the course of her employment [sic].

The employer states that the issue is:

The hearing examiner's decision denying Fonda Fansler workers' compensation benefits after she received a full medical release to return to work was supported by substantial evidence.

## FACTS

Appellant was employed in the mail room of Unicover Corporation (employer) in September, 1993. Beginning on Monday, September 13, 1993 through Thursday, September 16, 1993, appellant worked on a 300,000 piece mailing. The pieces of mail had to be bundled by hand and then wrapped lengthwise and crosswise with large thick rubber bands which the employee was required to pre-stretch. Appellant reported no problems until the middle of the night Wednesday when she had a burning pain in her mid back. She awoke Thursday morning with a slightly swollen right hand that was stiff. She claimed that she worked it and it loosened up, took a hot shower and then went to work. Her back ached all day Thursday although she worked all day. She awoke Thursday night with the burning pain in her mid back. Friday was a day off from work and although she was sore, she did not have any major problems on Friday. After arising on Saturday morning she took a hot shower and after getting out of the shower she collapsed in pain. The employer was notified on the following Monday. On Wednesday, September 22, 1993, appellant saw Victoria M. Vernon, M.D., who diagnosed:

"Cervical strain and shoulder girdle strain. Neck pain." The appellant saw Dr. Vernon on September 27, October 4, October 8, October 15, November 16, and November 30, 1993. Dr. Vernon's most complete assessment was: "Neck pain, cervical strain, scapular strain, bicepital tendinitis, lateral epicondylitis, all felt secondary to cumulative trauma disorder improving with conservative therapy." Appellant was released to work regular and full duty on November 16, 1993. After the last appointment with Dr. Vernon, Dr. Vernon reported: "Fonda is to continue to work full duty, no restrictions. I do not anticipate any further symptoms or injuries as a result of her initial industrial accident for which I saw her."

Appellant next saw Carol A. Fischer, M.D., for complaints of dizziness or vertigo type sensation with nausea. Appellant also saw Edward M. Clark, D.D.S., for problems associated with and apparent diagnosis of temporal mandibular joint disorder (TMJ). An independent medical examination was performed by Jeffrey Donner, M.D., on September 15, 1994, and at that time appellant had continuing claims of pain and dizziness. Dr. Donner's impression was: "Continued neck pain, dizziness and right shoulder rotator cuff tendinitis symptoms following a work-related injury in 9/93."

The Workers' Compensation Division and the employer objected to benefits after November 30, 1993. Based upon the objections, a hearing was held on April 20, 1995 before an administrative hearing examiner. In addition to the reports from the doctors and a testimonial affidavit of the employee, allowed by the hearing examiner, testimony was presented from Dr. Claude Grizzle, an expert witness called by the State of Wyoming. Based upon this evidence, the hearing examiner entered an Order Denying Benefits to the employee from and after November 30, 1993.

## STANDARD OF REVIEW

■ Cases certified to this Court pursuant to WYO.R.APP.P. 12.09(b) are reviewed applying the appellate standards which are applicable to the reviewing court of the first instances. *Pinther v. Dep't of Administra-*

*tion and Information,* 866 P.2d 1300, 1302 (Wyo.1994). The burden is on the employee in this case to prove that the benefits sought are the result of an injury at work and this Court reviews the decision by the hearing examiner to determine whether there is substantial evidence to support the decision. *Stuckey v. State, ex rel. Worker's Compensation Div.,* 890 P.2d 1097, 1098–1099 (Wyo. 1995).

Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Romero v. Davy McKee Corporation,* 854 P.2d 59, 61 (Wyo.1993) (citing *Farman v. State, ex rel. Workers' Compensation Div.,* 841 P.2d 99, 102 (Wyo.1992). Where the findings of fact are supported by substantial evidence, the ruling of the hearing examiner will be affirmed absent any errors of law. *Taylor v. State, ex rel. Workers' Compensation Div.,* 890 P.2d 559, 561 (Wyo.1995).

## DISCUSSION

■ Initially, appellant contends that any doubt as to a worker's right to compensation in a particular case is to be resolved in the worker's favor. Appellant claims that laws *and evidence* are to be liberally construed in favor of an injured worker. Appellant cites *Columbus Plumbing and Heating Co. v. Hardison,* 429 P.2d 320 (Wyo.1967). However, appellant misconstrues this case. The *Columbus* case involved a claim for hernia and the court said that the law relating to hernia, like the other general provisions, are to be liberally construed in favor of the worker. "Nevertheless, the courts are not free under the guise of construction to extend the beneficent purpose of the law to injuries that do not reasonably fall within the reach of the language used. Furthermore, the rule is not to be related to the evidence offered, *Jennings v. C.M. & W. Drilling Company,* 77 Wyo. 69, 307 P.2d 122, 126, and does not relieve a claimant of his burden to 'clearly

prove' each of the elements that entitle him to compensation." *Columbus*, 429 P.2d at 322.

■ Appellant also claims that where the evidence is conflicting, the trier of fact must adopt the most reasonable inference and that when the inferences are more or less equally probable, the decision must be in favor of the worker. Appellant cites *Bocek v. City of Sheridan*, 432 P.2d 893, 895 (Wyo.1967). Appellant misstates the holding in that case. In that case the court stated:

It is the rule "that where the evidence justified either of two reasonable inferences, one favorable to the party having the burden of proof and the other favorable to his opponent, the trier of the facts should be allowed to determine which, if either, of the two inferences is more reasonable or probable, and make his finding accordingly. If the finding is in favor of the party having the burden of proof, this court on appeal will not hold that it was made by guess or conjecture, unless we can say, as a matter of law, that the inference in favor of the other party was more, or at least equally, probable." *White v. Maverick Production Co.*, 63 Wyo. 452, 182 P.2d 818, 822 [1947].

*Bocek*, 432 P.2d at 895. In the *Bocek* case the court affirmed the district court decision denying worker's compensation benefits.

■ The obligation of the trier of fact to sort through differences in testimony, includ-

ing that of experts, is not a new proposition in the law. It is a necessary function to which this Court gives great deference. The weighing of the evidence is a function of the trier of fact and this has always included expert testimony. *Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 711 (Wyo.1995); *Padilla v. Lovern's, Inc.* 883 P.2d 351, 355 (Wyo.1994); *Claim of Vondra*, 448 P.2d 313, 318 (Wyo.1968); *Wyoming State Treasurer, ex rel. Workmens' Compensation Dep't v. Boston*, 445 P.2d 548, 550 (Wyo.1968); *Miracle v. Barker*, 59 Wyo. 92, 107–08, 136 P.2d 678, 684 (1943).

## CONCLUSION

■ Although the law should be construed liberally when considering a worker's compensation case, this does not does not mean that the evidence should be liberally construed. The hearing examiner's decision to deny appellant's request for worker's compensation benefits after November 30, 1993, the date she was completely released by her physician, was supported by substantial evidence.

Affirmed.