934 P.2d 1269 (1997)
In the Matter of the Worker'S Compensation Claim of: Judith L. CLARK, an employee of Holiday Inn, Appellant (Petitioner-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).
No. 96-169.
Supreme Court of Wyoming.
April 2, 1997.
*1270 Robin Sessions Cooley of Bishop & Cooley, LLC, Cheyenne, for Appellant.
William U. Hill, Attorney General, and Jennifer A. Evans, Assistant Attorney General, for Appellee.
Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and HARTMAN, District Judge.
LEHMAN, Justice.
Appellant Judith L. Clark appeals the determination by the Office of Administrative Hearings (OAH) denying her claims for total disability or loss of earnings benefits.
We affirm.

ISSUES
Appellant poses the following issues:
I. Whether the hearing examiner's findings were arbitrary, capricious, an abuse of discretion and not in accordance with the law where he made medical findings and conclusions he was not qualified to make[.]
II. Whether substantial evidence exists to support the hearing examiner's findings that the employee-claimant was not entitled to an additional award for loss of earning capacity due to her work-related injury[.]
Appellee Workers' Safety and Compensation Division (Division) states the issue as:
Whether the Office of Administrative Hearings denial of Claimant's application for permanent total disability or loss of earnings benefits is supported by substantial evidence and in accordance with law.

FACTS
On February 5, 1994, Clark was injured while working as a housekeeper at the Holiday Inn. The Division paid Clark temporary total disability benefits; and, based on an independent medical evaluation performed by Dr. Victoria Vernon, the Division granted Clark a 66 percent physical impairment award. Subsequently, Clark submitted a claim to the Division for a 100 percent disability award or, in the alternative, a loss of earnings award.
The Division authorized James Hardway to perform a vocational evaluation. As a result of the evaluation, which concluded that Clark had suffered no loss of earning capacity, the Division denied Clark's claim for additional benefits. Clark objected and requested a hearing before the OAH. At that hearing, Clark presented evidence from Roger L. Grimm, another vocational evaluation specialist, to contradict Hardway's evaluation. On February 16, 1996, the hearing examiner issued an Order Denying Benefits from which Clark now appeals.

STANDARD OF REVIEW
Our review of agency action is governed by W.S. 16-3-114(c)(ii)(A) (1990), which provides:
(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant issues of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, *1271 the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
* * * * * *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
* * * * * *
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
See also W.R.A.P. 12.09.

DISCUSSION

Abuse of Discretion
The record contains conflicting medical evidence regarding the extent of Clark's impairment, specifically between Dr. Vernon's expert opinion and the American Medical Association, Guides to the Evaluation of Permanent Impairment (Guides) upon which a doctor relies in determining a permanent physical impairment rating. Clark claims that the hearing examiner's findings were arbitrary and capricious, arguing that the examiner exceeded his discretion in analyzing Dr. Vernon's testimony. This court has often stated that "`[t]he extent and degree of disability are questions of fact.'" Gilstrap v. State ex rel. Worker's Compensation Div., 875 P.2d 1272, 1273 (Wyo.1994) (quoting Leonard v. McDonalds, 746 P.2d 1261, 1262 (Wyo.1987)). The hearing examiner, as the trier of fact, is responsible for determining relevancy, assigning probative value and ascribing the relevant weight given to medical testimony. Matter of Worker's Compensation Claim of Thornberg, 913 P.2d 863, 867 (Wyo.1996). Ambiguities in evidence trigger the process of weighing the evidence and assessing the credibility of the witness. Latimer v. Rissler & McMurry Co., 902 P.2d 706, 711 (Wyo.1995). As we have previously stated:
The fact finder was left with weighing these opinions, and to do so he had to consider (1) the opinion, (2) the reasons, if any, given for it, (3) the strength of it, and (4) the qualifications and credibility of the witness[es] expressing it.
Thornberg, 913 P.2d at 868. Accord Matter of Krause, 803 P.2d 81, 83 (Wyo.1990); Rice v. State, 500 P.2d 675, 676 (Wyo.1972).
The hearing examiner did not "revamp and revise" Dr. Vernon's medical tests, as Clark contends. Instead, the hearing examiner appropriately engaged in the process of evaluating the relative value of Dr. Vernon's testimony. For example, the hearing examiner evaluated the reason Dr. Vernon gave in determining that Clark suffered a 66 percent permanent physical impairment:
[According to the Guides] [i]f a 20% variation in the readings exists, then one may assume the patient is not exerting full effort. If there is suspicion or evidence the subject is exerting less than maximal effort, the grip strength measurements are invalid for estimating impairment (Exhibit E). In this case, the grip strength tests performed by Dr. Vernon (12, 9, 10, 7, and 8) have a variation of approximately 33%. This is a clear indication Clark did not exert full effort on the grip strength test. Accordingly, Dr. Vernon should not have considered the grip strength loss and Clark's physical impairment rating should have been 56%. This is 10% less than the amount awarded and paid.
Order Denying Benefits, Findings and Conclusions ¶ 9. The trier of fact may disregard an expert opinion if he finds the opinion unreasonable or not adequately supported by the facts upon which the opinion is based. Krause, 803 P.2d at 83; cf. Rice, 500 P.2d at 676. In evaluating the medical testimony, the hearing examiner found error within the facts upon which Dr. Vernon's opinion was based. Thus, the hearing examiner was well within his discretion when he assigned less weight to that testimony.
Furthermore, the hearing examiner did not deny Clark an additional award because she had already received more impairment benefits than she was entitled to receive; rather, he denied additional benefits because *1272 Clark failed to establish by a preponderance of evidence that she had suffered total permanent disability or loss of earning capacity. Because the hearing examiner concluded that Clark did not exert full effort during Dr. Vernon's testing, he assigned less probative value to Dr. Vernon's testimony and to other expert testimony which was primarily based on Clark's performance of other physical tests.

Substantial Evidence
When reviewing an agency's findings of fact, this court applies the substantial evidence standard. W.S. 16-3-114(c)(ii)(E).
Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.
Matter of Workers' Compensation Claim of Fansler, 914 P.2d 156, 158 (Wyo.1996) (quoting Romero v. Davy McKee Corp., 854 P.2d 59, 61 (Wyo.1993)). Accordingly, "we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence." Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873, 876 (Wyo. 1994) (citing Matter of Injury to Carpenter, 736 P.2d 311, 312 (Wyo.1987)).
Clark argues that substantial evidence does not exist to support the hearing examiner's finding that she suffered no impairment of earning capacity because the examiner did not consider all of the factors enumerated in State ex rel. Workers' Compensation Div. v. White, 837 P.2d 1095 (Wyo. 1992), i.e., (a) physical impairmentthe nature and extent of injury; (b) the worker's age; (c) the worker's education; (d) ability to continue pre-injury employment; (e) post-injury employment prospects; (f) pre-injury earnings; and (g) post-injury earnings.
No single factor of those listed above is determinative of the extent or existence of loss of earning capacity. They are all evidence to be considered together with all of the other facts and circumstances in determining whether a loss of earning capacity in fact occurred and, if so, the percentage of loss.
Id. at 1097. In that regard, the hearing examiner specifically found:
Clark has failed to establish, by a preponderance of the evidence, her entitlement to a loss of earnings award based upon the factors enumerated in White. Clark is 43 years old and has a high school education with limited on-the-job training. She is unable to return to her pre-injury employment because of the injury to her nondominant hand. Clark's physical impairment is substantial and does limit her ability to perform some types of employment. However, there are a number of jobs available within Clark's community that she can perform. All of them pay as much or more than her employment at the time of the injury. Considering all of these factors and taking into consideration that Clark has already received a physical impairment award which appears to be 10% greater than the amount [she is] entitled to under the Guides, this Office is not persuaded that Clark is entitled to any additional award for permanent partial disability.
Order Denying Benefits, Findings and Conclusions ¶ 27. Regarding Clark's physical impairment, the hearing examiner additionally stated:
Clark's physical impairment is to her nondominant hand. While Clark's physical impairment does affect her ability to find employment, it does not preclude her from working. There are many individuals in our society who are gainfully employed in various occupations who only have the use of one hand. With the proper motivation and assistance, Clark can be one of them.
Order Denying Benefits, Findings and Conclusions ¶ 25.
The hearing examiner considered Clark's age, her level of education and her limited job training. He also observed, however, that:
According to Mr. Hardway, there are many jobs available within the job market *1273 that can be done one-handed, particularly when the person has the use of his/her dominant hand as Clark does. Additionally, 40 to 50% of all jobs are unskilled and can be performed by a person with average or less than average mental ability.
Order Denying Benefits, Findings and Conclusions ¶ 11. While the hearing examiner concluded that Clark could not return to her pre-injury employment, he found that Clark had many post-injury employment prospects and that her post-injury earning potential was equivalent to or greater than her pre-injury earnings:
Taking into consideration Clark's transferable skills and applying her physical limitations, it was determined that Clark was qualified for employment as a cashier, sale demonstrator/promotor, hotel clerk, and as a driver. These are unskilled entry level positions and pay between $4.89 and $6.73 an hour. Since Clark's pre-injury wage was $4.25 an hour, there is no loss of earnings capacity. Mr. Hardway contacted the Human Resource Director at the Holiday Inn and was advised the physical demands for the hotel clerk position were within Clark's physical limitations.
Order Denying Benefits, Findings and Conclusions ¶ 10.
Clark participated in two vocational evaluations. Mr. Hardway's evaluation determined that Clark had suffered no loss of earning capacity, and Mr. Grimm's concluded Clark suffered a 100 percent loss of earnings. In such an instance, the role of this court is well defined:
It is the rule "that where the evidence justifies either of two reasonable inferences, one favorable to the party having the burden of proof and the other favorable to his opponent, the trier of the facts should be allowed to determine which, if either, of the two inferences is more reasonable or probable, and make his finding accordingly."
Matter of Fansler, 914 P.2d at 159 (quoting White v. Maverick Production Co., 63 Wyo. 452, 182 P.2d 818, 822 (Wyo.1947)). Even if it were a close question, we would rely upon the decision of the hearing examiner because "[o]ur deference for findings of fact is reserved for the fact-finder." Employment Sec. Comm'n v. Western Gas Processors, Ltd., 786 P.2d 866, 870 (Wyo.1990).

CONCLUSION
The hearing examiner did not abuse his discretion in evaluating the medical testimony presented. The evidence establishing that Clark suffered no loss of earning capacity is sufficient such that a reasonable mind might accept it in support of the hearing examiner's conclusions. Accordingly, the Order Denying Benefits is affirmed.