938 P.2d 870 (1997)
Tresa MANNING, Employee; and Donald L. Painter, Esquire, Appellants (Respondents),
v.
STATE of Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Petitioner).
No. 96-7.
Supreme Court of Wyoming.
June 16, 1997.
*871 Donald L. Painter, Casper, for Appellants.
William U. Hill, Attorney General, and Jennifer A. Evans, Assistant Attorney General, for Appellee.
Before TAYLOR, C.J., and THOMAS, MACY, and LEHMAN, JJ., and ROGERS, D.J.
LEHMAN, Justice.
This case involves the question of when a hearing examiner acquires jurisdiction to appoint an attorney and award attorney fees in a worker's compensation case. The district court reversed the hearing examiner's orders awarding attorney fees, finding that the Office of Administrative Hearings (OAH) acquires jurisdiction only when 1) an interested party files a written objection to a determination by the Division, and 2) the matter is properly referred to the OAH for resolution in a contested case proceeding. In addition, the district court denied attorney fees incurred in the appeal to that court.
We affirm in part and reverse in part.
Appellants Tresa Manning, the injured worker, and her attorney, Donald Painter, present the following issue for our review:

*872 1. Whether the Office of Administrative Hearings has the authority to enter an award of attorney's fees in this case.
Appellee Worker's Compensation Division (Division) states the issues in this way:
A. Whether the Office of Administrative Hearings lacked subject matter jurisdiction to enter orders appointing an attorney and awarding attorney's fees where the Division had made no final determination denying a claim for benefits, no party had entered any type of objection or requested a hearing and the matter had not been referred to the Office of Administrative Hearings for hearing.
B. Whether the district court abused its discretion in denying Mr. Painter's application for attorney's fees incurred in defending the orders awarding attorney's fees entered by the Office of Administrative Hearings.

FACTS
In February 1993, Tresa Manning filed a report of injury due to problems she suffered with both wrists. The Division determined the injuries to be work related and compensable under the Wyoming Worker's Compensation Act (Act). Over the course of the next several months, the Division paid medical benefits covering extensive treatment, including two surgeries on Manning's wrists.
Manning's condition showed little or no improvement and, in October 1994, Dr. Brown, her doctor in Denver, proposed a third surgery. At that point, Manning contacted Painter. Manning wanted to rule out the possibility that she suffered from other conditions she felt may be contributing to her problems before she submitted to another surgery, and apparently had some disagreement with the Worker's Compensation Office in Cheyenne regarding a rule-out consultation. On December 19, 1994, Manning submitted a motion for appointment of Painter as counsel.
On January 3, 1995, Manning wrote the Division, expressing her desire for a rule-out consultation. The Division responded on January 11, 1995, informing Manning that a rule-out consultation would not be covered but the Division would pay for a second opinion if she obtained a referral from Dr. Brown. The record contains no further communications regarding a rule-out consultation.
On April 4, 1995, Manning informed Painter's secretary that she no longer needed Painter's representation, and Painter submitted a motion and affidavit for award of attorney fees in the amount of $173.78. The Division objected, and on May 15, 1995, the Natrona County clerk of court prepared a contested case transmittal sheet on the issue of attorney fees, referring the case to the OAH. A contested case hearing on the issue of attorney fees was held before the hearing examiner on June 21, 1995. The Division argued that because there had been no denial of a claim for benefits or request for a hearing before the OAH on the rule-out consultation, the hearing examiner lacked subject matter jurisdiction to appoint an attorney and to award attorney fees. Painter argued that the language of W.S. XX-XX-XXX(d) permits a hearing examiner to appoint an attorney upon request, without limitation, and to allow fees at the conclusion of the proceeding.
The hearing examiner agreed with Painter and issued an order awarding attorney fees in the amount of $173.78. Manning subsequently submitted a motion for award of attorney fees incurred preparing for the contested case hearing, and the Division again objected. The hearing examiner issued an order awarding attorney fees in the amount of $112.34. The Division appealed to the district court. The district court reversed both of the hearing examiner's orders awarding attorney fees, agreeing with the Division that the hearing examiner lacked subject matter jurisdiction to appoint an attorney prior to the initiation of a contested case.

DISCUSSION
When considering an appeal from a district court's review of agency action, we accord no special deference to the district court's conclusions. State ex rel. Workers' Compensation Div. v. Fisher, 914 P.2d 1224, 1226 (Wyo.1996). Instead, we review the case as if it had come directly to us from the *873 administrative agency. Id. The resolution of this case turns on the interpretation of the Worker's Compensation Act. Statutory interpretation is a question of law and is reviewed de novo. Chevron U.S.A., Inc. v. State Board of Equalization, 918 P.2d 980, 983 (Wyo.1996). This court shall set aside agency action found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law," or "in excess of statutory jurisdiction, authority or limitations or lacking statutory right." W.S. 16-3-114(c)(ii)(A), (C) (1990).
The governing law is that in effect on February 5, 1993, the date of Manning's injury. See State ex rel. Workers' Compensation Div. v. Jacobs, 924 P.2d 982, 984 (Wyo.1996); Seckman v. Wyo-Ben, Inc., 783 P.2d 161, 166 (Wyo.1989). We note the Act has been extensively amended in a piecemeal fashion in almost every year since Manning's injury. As a result, determining the precise statutory language in effect at any particular moment has become an exercise in frustration. In addition, the analysis we employ in any one case may very well be of limited prospective application.
Section 27-14-602(d) (Supp.1992) provided:
Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. . . . No fee shall be awarded in any case in which the hearing examiner determines the claim to be frivolous and without legal or factual justification.
The Act is silent as to when the right to appointed counsel attaches. We do not necessarily agree with the district court that the hearing examiner does not have jurisdiction prior to the initiation of a contested case proceeding. We recently held that an employee is entitled to paid legal representation when the Division issues a final determination regarding compensability of an injury or a claim, whether or not a formal request for a contested case is filed. Painter v. State ex rel. Worker's Compensation Div., 931 P.2d 953, 955 (Wyo.1997). The governing law in Painter was that in effect in December 1994. The Act was significantly amended in July 1994, after Manning's injury but before the worker's injury in Painter. However, this case does not require us to decide the exact point in time when the right to counsel attaches under the 1993 version of the Act. Here we easily conclude that the hearing examiner's appointment was premature because Manning had not yet filed a claim for the rule-out consultation, or even undergone the examination. She merely inquired beforehand as to the compensability of such an examination.
The Act requires the Division to make determinations on claims for benefits. See generally W.S. XX-XX-XXX (1991). Section 27-14-602(d) prohibits the hearing examiner from awarding fees in any case in which the claim is frivolous or without legal or factual justification. The Division's rules state that "[a] person seeking an award of benefits under the Act must submit a claim for benefits." Wyoming Workers' Compensation Rules, Regulations and Fee Schedules, ch. VI, § 1 (July 1993) (emphasis added). A "claim" is defined as "[a]n application for benefits under the Act using the forms provided by the division." Id., ch. I, § 4(a). An injury report is not a claim for benefits. Id., ch. VI, § 1. Nor can Manning's telephone call and inquiry letter to the Division be considered claims.
In order to be compensated under the Act for a rule-out consultation, Manning was required to submit a claim for benefits on a form provided by the Division. We note that Manning's actions appear to have been completely reasonable under the circumstances, and her reluctance to undergo a third surgery without ruling out other potential causes quite possibly saved the employer and the Division money in the long run. Nonetheless, we find no language in the Act to support the position that Manning is entitled to paid legal representation on the basis that she was not satisfied with the Division's responses to her inquiries regarding a proposed medical examination. The hearing examiner was without jurisdiction to appoint an attorney and award fees at that juncture. The district court's reversal of the hearing *874 examiner's order awarding fees in the amount of $173.78 is affirmed.
Here, however, we part company with the district court. Both the district court and the Division fail to acknowledge that a contested case proceeding was initiatedon the issue of "attorney's fees." On April 20, 1995, the Division lodged an objection to Manning's motion for award of attorney fees, addressed to the OAH and filed in the Seventh District Court in Natrona County. On May 15, 1995, the Natrona County clerk of court referred the case to the OAH via a contested case transmittal sheet. The transmittal sheet indicated that the employee had been notified of her right to request an attorney pursuant to W.S. XX-XX-XXX(d).
Once the case was transmitted to the OAH, the hearing examiner had jurisdiction to appoint an attorney, conduct the contested case hearing, and award attorney fees at the conclusion of the proceeding. Cf. Little America Refining Co. v. Witt, 854 P.2d 51, 55-56 (Wyo.1993). Indeed, a contested case hearing was held on June 21, 1995, and both Manning and the Division were represented at that hearing. Although the Division objected to the jurisdiction of the hearing examiner to appoint an attorney to represent Manning prior to the initiation of a contested case, neither party objected to the jurisdiction of the hearing examiner to conduct the contested case hearing on the issue of fees. The hearing examiner properly granted Manning's motion for award of attorney fees of $112.34 incurred in preparing for the contested case, and we reverse the district court's order in that respect.
By its order dated December 13, 1995, the district court denied Manning's motion for award of attorney fees incurred in the appeal to the district court. The order stated only that there was no statutory authority for appointment of an attorney. In light of our holding that the hearing examiner acted within his jurisdiction when he awarded attorney fees for the contested case portion of this dispute, we remand to the district court with instructions to reconsider the award of attorney fees incurred in the appeal to the district court pursuant to W.S. XX-XX-XXX (Supp.1996).

CONCLUSION
We affirm that part of the district court's order denying Manning's attorney fees of $173.78 incurred in seeking a rule-out consultation. We reverse that part of the district court's order denying Manning's attorney fees of $112.34 incurred in the contested case proceeding on the issue of attorney fees. We remand the district court's order denying attorney fees incurred in the appeal to the district court for further consideration pursuant to W.S. XX-XX-XXX.
THOMAS, J., filed a opinion concurring in part and dissenting in part.
THOMAS, Justice (concurring and dissenting).
I agree that the office of hearing examiners had no jurisdiction to appoint an attorney for Manning. Indeed, that is the point of my dissenting opinion in Painter v. State ex rel. Wyoming Worker's Compensation Div., 931 P.2d 953, 956 (Wyo.1997). I am still of the persuasion that the office of hearing examiners lacks jurisdiction to appoint counsel in the absence of a request by an interested party and the referral by the Division for a contested case hearing. Clearly, this instance is outside the authority of the office of hearing examiners to appoint an attorney.
I dissent from that portion of the majority opinion that reverses the order of the district court denying Manning's attorney fees that were incurred in the contested case proceeding on the issue of attorney fees. I would affirm the district court with respect to the disallowance of these attorney fees. The language in the applicable statute, WYO. STAT. § 27-14-602(d) (1991) is quite clear:
No fee shall be awarded in any case in which the hearing examiner determines the claim to be frivolous and without legal or factual justification.
If the hearing examiner had no jurisdiction to award attorney fees on the rule-out consultation, the claim that was heard had to be "frivolous and without legal * * * justification." The award of attorney fees for the contest of the initial claim for attorney fees *875 was an abuse of discretion and action contrary to law by the hearing examiner. I would hold that there is no necessity to remand the case to the district court because its ruling on the issue of attorney fees was correct.
The language of Wyo. Stat. § 27-14-615 (Supp.1996) affords the district court discretion with respect to the award of attorney fees, and I do not see how this Court could find an abuse of discretion if the district court decided not to award any fee. I suppose this court also will award attorney fees for the appeal. The result will be that in an instance in which there was no claim filed by an employee and the office of hearing examiners had no jurisdiction to appoint an attorney, the consolidated Wyoming Worker's Compensation account will be mulcted in the amount of $112.34 plus a possible amount of $173.78 plus whatever this court awards for the appeal.
I believe that the majority resolution incorporates sophistry when it suggests that the statute was significantly amended between the time of Manning's injury and the law in effect for Painter. I can find no change in the pertinent and, I agree, critical language in WYO. STAT. § 27-14-602(d) that occurred between the date of Manning's injury and the date of the injury involved in Painter. It follows that either this case is wrong in holding that the hearing examiner had no jurisdiction to award attorney fees with respect to the rule-out consultation, or Painter is wrong in holding that the hearing examiner did have jurisdiction. Whether a claim was filed or the division had issued a final determination does not impact the jurisdiction of the hearing examiner in any logical fashion.
I reiterate what I argued in Painter:
An administrative agency has only the power granted to it by statute, and the justification for the exercise of any authority by the agency must be found in the statutes. E.g., Tri County Telephone Assoc., Inc. v. Wyoming Public Service Comm'n, 910 P.2d 1359 (Wyo.1996); Kerr-McGee, Corp. v. Wyoming Oil & Gas Conservation Comm'n, 903 P.2d 537, 541 (Wyo.1995); Union Pacific Resources Co. v. State, 839 P.2d 356 (Wyo.1992); Jackson v. State ex rel. Workers' Comp. Div., 786 P.2d 874 (Wyo.1990). The jurisprudential principle applicable in this case was stated clearly by the court in LoSasso v. Braun, 386 P.2d 630, 631 (Wyo.1963) (citations omitted):
If the legislature did in fact have such an intention, it failed to express it, and of course, we could not if we would act for the legislature by adding an exception which is clearly omitted. Such action would be in violation of the general rule that courts cannot supply omissions in a statute and will not read into a statute exceptions not made by the legislature. * * *
As stated in State ex rel. Morrison v. Anway, 87 Ariz. 206, 349 P.2d 774, 776, it is a universal rule that courts will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions.
That is exactly what the court has done in the majority opinion. The decision enlarges, stretches, expands and extends the statute to approve the award of attorney fees that is not justified by the express provisions of the statute. It has supplied a perceived omission in the statute, by adding to the authority of the hearing examiner beyond that provided by the statute. It is bad jurisprudence, and my experience teaches me that normally bad jurisprudence results in bad law. The decision of the district court should be affirmed.
Painter, 931 P.2d at 958.
The rule now appears to be that the office of hearing examiners can appoint an attorney whenever a claim is filed with the Wyoming Worker's Compensation Division whether a contested case proceeding ever is initiated or not. I cannot read the statute to encompass such a legislative intent, but the only recourse of the Division now must be to seek specific legislation setting forth when the office of hearing examiners has authority to appoint an attorney in worker's compensation matters.