Sally A. DAISS, Appellant (Petitioner),

v.

DIVISION OF WORKERS' SAFETY AND COMPENSATION, DEPARTMENT OF EMPLOYMENT, State of Wyoming, Appellee (Respondent).

No. 97–341.

Supreme Court of Wyoming.

Oct. 15, 1998.

Donald L. Painter, Casper, for Appellant (Petitioner).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, for Appellee (Respondent).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN & TAYLOR,* JJ.

MACY, Justice.

The medical commission granted Appellee Division of Workers' Safety and Compensation's (the division) motion to dismiss the issue of whether surgery on Appellant Sally Daiss' (the employee) back was necessary because the medical commission lacked subject matter jurisdiction. The employee petitioned the district court for a review of the medical commission's order, and the district court certified the case to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We affirm the medical commission's order.

## ISSUE

The employee presents one issue for our review:

1. Whether the Medical Commission had jurisdiction to rule on the compensability of p[ro]posed surgery.

## FACTS

The employee suffered a compensable, work-related, lower back injury on or about March 22, 1996. On July 16, 1996, she visited Kenneth Pettine, M.D., an orthopedic surgeon, who determined that she had a torn disk. He opined that the disk was desiccated, or dried out, before the injury occurred and that the injury to the disk caused the onset of the employee's pain. Dr. Pettine recommended that the desiccated disk be conservatively treated but advised the employee that surgery was an elective option. Although Dr. Pettine had not recommended surgery, he believed that the employee had reached maximum medical improvement from a "nonoperative standpoint." The doctor indicated that surgery would be a reasonable choice and suggested that the employee "obtain administrative approval" for it.

Apparently in response to some sort of inquiry, the division sent a letter to the employee on September 24, 1996, stating that it would probably deny future claims that may be submitted for the proposed surgery. The letter stated, however, that "[t]his is not a final determination as no claim has been submitted for payment at this time." On November 14, 1996, the employee submitted a claim for surgical benefits to the office of administrative hearings, requesting payment of all reasonable and necessary expenses that would be incurred from the proposed surgery. The claim was not submitted on the division's form. The division objected to the claim, arguing that there had not been a final determination and the matter had not been referred to the office of administrative hearings and that, therefore, the office of administrative hearings did not have subject matter jurisdiction over the matter. The employee filed a traverse to the division's objection, claiming that the office of administrative hearings had subject matter jurisdiction pursuant to Wyo. Stat. Ann. § 27–14–601 (1997).

The employee had an independent medical examination done on April 26, 1997. As a result of that examination, the division issued a final determination, finding that the employee was not entitled to receive benefits because she had already been awarded a five percent permanent physical impairment rating and her impairment rating remained the same. The employee objected to the final determination and requested a hearing, arguing that she was a surgical candidate who had not yet reached maximum ascertainable loss or maximum medical improvement and that the proposed surgery should be compensable. The division referred the case to the medical commission. The notice of referral for hearing listed three issues to be decided by the medical commission: whether surgery on the employee's back was necessary; whether the employee was at an ascertainable loss; and whether the permanent physical impairment rating was correct.

* Chief Justice at time of expedited conference

The division subsequently asked the medical commission to dismiss the issue of whether the proposed surgery was necessary because the commission lacked subject matter jurisdiction, given that the employee had failed to submit a proper claim as was prescribed in the division's rules, and because a claim could not be filed for services that had not yet been provided. The medical commission granted the division's request, reasoning that the employee had not filed a formal claim for the proposed surgery but had merely inquired into the compensability of the proposed procedure and that, consequently, the division had not made a final determination on this issue. The employee petitioned the district court for a review of this order, and the district court certified the case to the Wyoming Supreme Court.

## STANDARD OF REVIEW

 When a case has been certified to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b), we review the case by applying the appellate standards that are applicable to a reviewing court of the first instance. *Weaver v. Cost Cutters,* 953 P.2d 851, 854 (Wyo.1998); *Fansler v. Unicover Corporation,* 914 P.2d 156, 158 (Wyo.1996). Judicial review of administrative decisions is limited to a determination of the matters specified in WYO. STAT. ANN. § 16–3–114(c) (1997). W.R.A.P. 12.09(a); *Everheart v. S & L Industrial,* 957 P.2d 847, 851 (Wyo.1998).

 We do not disturb an agency's findings of fact unless they are clearly contrary to the overwhelming weight of the evidence. *Weaver,* 953 P.2d at 855; *Nelson v. Sheridan Manor,* 939 P.2d 252, 255 (Wyo.1997). We do not, however, grant the same deference to an agency's conclusions of law. *Id.* We affirm an agency's conclusions of law if they are in accordance with law. *Corman v. State ex rel. Wyoming Workers' Compensation Division,* 909 P.2d 966, 970 (Wyo.1996). When an agency has not invoked and properly applied the correct rule of law, we correct the agency's errors. *Gneiting v. State ex rel. Wyoming Workers' Compensation Division,* 897 P.2d 1306, 1308 (Wyo.1995).

## DISCUSSION

The employee contends that the fact that she did not use the division's form in submitting her claim should not be of any consequence because the requirement that she submit her claim on a form provided by the division is "an exercise in meaninglessness." The division's rules require claimants to submit their claims on forms provided by the division. Those rules provide in pertinent part: *"Claims for Benefits.* A person seeking an award of benefits under the Act must submit a written application for benefits on a form provided by the division. (A report for injury is not a claim for benefits. W.S. 27–14–503(a))." WYOMING WORKERS' COMPENSATION RULES, REGULATIONS AND FEE SCHEDULES ch. 5, § 2 (1995). The Wyoming Worker's Compensation Act (the Act) directs the division to prepare and print the necessary forms to be used in all procedures under the Act and to instruct claimants on how to make correct claims. WYO. STAT. ANN. § 27–14–508 (1997).

 In *Manning v. State ex rel. Wyoming Worker's Compensation Division,* 938 P.2d 870, 872 (Wyo.1997), the employee wrote to the division, inquiring about the compensability of a proposed rule-out consultation. This Court held that, before the employee could be compensated under the Act, she had to submit a claim for benefits on the form provided by the division:

> The Division's rules state that "[a] person seeking an award of benefits under the Act must submit a ***claim*** for benefits." Wyoming Workers' Compensation Rules, Regulations and Fee Schedules, ch. VI, § 1 (July 1993) (emphasis added). A "claim" is defined as "[a]n application for benefits under the Act using the forms provided by the division." *Id.,* ch. I, § 4(a). An injury report is not a claim for benefits. *Id.,* ch. VI, § 1. Nor can ... an[ ] inquiry letter to the Division be considered [a] claim[ ].

938 P.2d at 873. We are not convinced that requiring claims to be submitted on forms provided by the division is, as the employee asserts, "an exercise in meaninglessness."

The other question raised in this case is whether medical services that have not yet been rendered are compensable. The employee claims that the division issued a final determination on her claim and that the medical commission had authority under the Act to determine whether her proposed surgery would be compensable. Although the division issued a final determination denying benefits because the percentage of permanent physical impairment did not change, it did not render a final determination on the employee's request for approval of the proposed back surgery. In fact, the division's September 24, 1996, letter declined to issue a final determination on the proposed procedure because a formal claim had not been submitted.

The Act presumes that claims for expenses will be made after the medical services have been rendered: "Within thirty (30) days after the first of the month succeeding the month *in which services were rendered to the injured employee,* itemized bills and claims for medical and hospital care shall be filed with the division." WYO. STAT. ANN. § 27–14–501(d) (1997) (emphasis added). Additionally, the division's rules contemplate that claimants will be reimbursed for the medical expenses of services that have already been provided. They provide in pertinent part:

 (d) *Medical Reimbursement.*

 (i) If a claim is filed for *reimbursement* of medical expenses, the division will audit the receipts in accordance with its established fee schedule.

 (ii) *Reimbursement* for medical expenses will only be considered if filed with the division within ninety (90) days from the date the services were provided.

WYOMING WORKERS' COMPENSATION RULES, REGULATIONS AND FEE SCHEDULES ch. 6, § 1(d) (1995) (emphasis added).

In *Manning,* this Court held that the hearing examiner lacked jurisdiction to appoint an attorney and award attorney fees because the employee had not undergone the examination and had not filed a claim for benefits. 938 P.2d at 873. An inquiry beforehand as to the compensability of a rule-out consultation did not justify the appointment of an attorney. *Id.* Similarly, in *State ex rel. Wyoming Workers' Compensation Division v. Gerdes,* 951 P.2d 1170, 1175 (Wyo.1997), we held that the hearing examiner was limited to the issues that existed at the time of the hearing. A hearing examiner, therefore, may not award benefits for claims that may accrue after the date of the hearing. 951 P.2d at 1175.

Neither the Act, the division's rules, nor Wyoming case law authorizes the medical commission to determine the compensability of a procedure when claims for the procedure have not been properly submitted or the procedure has not been the subject of a final determination by the division. Likewise, none of the above-mentioned sources authorizes a contested case hearing to be held on a request for approval of a proposed surgery. We conclude, therefore, that the medical commission properly determined that it lacked subject matter jurisdiction to decide whether the employee's proposed back surgery would be compensable. The medical commission's order granting the division's motion to dismiss the issue of whether surgery on the employee's back was necessary is, accordingly,

Affirmed.