In the Matter of the Worker's Compensation Claim of Margie Marie GONZALES, Appellant (Employee–Petitioner),

v.

STATE OF WYOMING, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Respondent).

No. 98–289.

Supreme Court of Wyoming.

Dec. 8, 1999.

Representing Appellant: Robert A. Nicholas, Riverton, Wyoming.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Margie Marie Gonzales (Gonzales) appeals from the district court order awarding attorney's fees of $2,200.00, which was considerably less than the $4,205.25 requested by her attorney. The district court's order did not explain how it arrived at the attorney's fee award. The district court also declined to rule on a motion for reconsideration requesting the court to set forth the specific reasons for the denial of the fees in accordance with *UNC Teton Exploration Drilling v. Peyton*, 774 P.2d 584 (Wyo.1989).

We have held that the district court must include some explanation of its attorney's fees awards to allow for appellate review. *UNC Teton*, 774 P.2d at 594–95. The district court's failure to explain its award, as required by law, was an error of law. Therefore, we reverse and remand for a determination of an appropriate attorney's fee award pursuant to Wyo. Stat. Ann. §§ 27–14–615 and 1–14–126(b) (LEXIS 1999), which shall concisely explain the district court's action on the fee application.

## ISSUES

Gonzales submits the following statement of the issues in the form of arguments:

1. The district court erred when it refused to provide a concise and clear explanation for denying attorney's fees.

2. Based upon the undisputed evidence presented, the attorney's fees submitted were reasonable and the district court

erred as a matter of law when it denied a portion of those attorney's fees submitted pursuant to W.S. § 27–14–615.

The Wyoming Worker's Compensation Division presents its statement of the issues:

> The district court denied half of the Employee's requested attorney fees, but its order contained no findings of fact or conclusions of law.
>
> A. Which version of the Act applies?
>
> B. Should the Court remand for findings and conclusions?
>
> C. Should the Court remand to require a hearing?
>
> D. Should the Court award the full amount of fees requested, without a remand?

## FACTS

This case has been before us previously for resolution of Gonzales' claim for worker's compensation benefits in *Gonzales v. State ex rel. Wyo. Workers' Comp. Div.*, 970 P.2d 865 (Wyo.1998). Gonzales injured her back at work in 1993 and received worker's compensation benefits for that injury. *Id.* at 867. However, the Workers' Compensation Division (Division) denied her claims for medical benefits and permanent partial impairment benefits for her thoracic back condition, and the Office of Administrative Hearings (OAH) affirmed the Division's denial of benefits. *Id.* at 868–69. Gonzales appealed to the district court, which affirmed the hearing examiner's decision. *Id.* at 869. When Gonzales filed the motion and supporting affidavit for payment of attorney's fees of $4,205.25 and costs of $143.72, the Division objected to the

amount of attorney's fees in excess of $4,000.00 as unreasonable.

Gonzales' attorney did not request a hearing, and the district court subsequently issued its order awarding $2,200.00 in attorney's fees, which provided, in pertinent part:

> This matter having come before the Court upon the application of Nicholas Law Office, LLC for attorney's fees; the Court, being fully advised in the premises, finds that attorney's fees and costs should be approved in the following amounts:
>
> $ 2200.00 Attorney's Fees
>
> $ 143.72 Costs
>
> * * * *

The order did not include any factual findings, reasoning, or explanation for reducing the requested award from $4,205.25 to $2,200.00. Gonzales' attorney filed a motion for reconsideration, asking the court to provide specific findings of fact and conclusions of law for review on appeal. He also submitted an affidavit explaining why his fees are reasonable, using the factors set out in *UNC Teton Exploration Drilling v. Peyton*, 774 P.2d 584 (Wyo.1989). When the district court failed to rule on the motion for reconsideration, he filed a notice of appeal with this Court.

## DISCUSSION

▪ The district court has "considerable discretion in awarding attorney's fees" under Wyo. Stat. Ann. § 27–14–615 (LEXIS 1999).[1] *Hemme v. State ex rel. Wyo. Workers' Comp. Div.*, 914 P.2d 824, 827 (1996).

Judicial discretion is a composite of many things, among which are conclusions drawn

---

1. The applicable version of the statute is the current version, which was amended in 1995. The Division suggests that an issue is presented concerning the correct version of the statute to apply in this case. That suggestion is based on the Division's incorrect reading of *Manning v. State ex rel. Wyo. Workers' Comp. Div.*, 938 P.2d 870 (Wyo.1997). The Division contends *Manning* held that the version of Wyo. Stat. Ann. § 27–14–615 in effect at the time of the injury governs an attorney's fee award, even though the 1995 amendment to the statute expressly provided: "This act applies to all hearings and appeals on or after the effective date of this act regardless of the date of injury." 1995 Wyo. Sess. Laws Ch. 193, § 2.

*Manning* interpreted and applied Wyo. Stat. Ann. §§ 27–14–601 and –602, relating to the appointment of attorneys for contested case hearings. *Id.* at 873–74. We ordered the district court to "reconsider the award of attorney fees incurred in the appeal to the district court pursuant to W.S. 27–14–615 (Supp.1996)." *Id.* at 874. Although the date used for citing the statute was not part of the analysis or holding, we note that the date used is 1996, the version in effect after the amendment, not the version in effect at the time of the injury. *Id.* at 874. Nothing in *Manning* even implies a holding that the version in effect at the time of the injury applied.

from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Watt v. Watt*, 971 P.2d 608, 613 (Wyo.1999). "Sound exercise of discretion effectuates the rule of law, not the will of the judge." *Id.* (citing *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo.1993)) (quoting *Federal Enterprises v. Frank Allbritten Motors*, 16 F.R.D. 109, 112 (W.D.Mo.1954)). "Discretion necessarily represents a choice on the part of the trial judge, but that choice is rarely unfettered." *Id.*

The relevant language in Wyo. Stat. Ann. § 27–14–615 (LEXIS 1999) provides:

The district court may appoint an attorney to represent the employee during proceedings in the district court and appeal to the supreme court. The district court may allow the attorney a reasonable fee for his services at the conclusion of the proceedings in district court.... An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the appeal.

 Although the statute affords the district court considerable discretion in determining whether to allow a fee and the reasonableness of the fee and the number of hours worked, that discretion is not unfettered. W.R.C.P. 54, concerning judgments, provides for attorney's fees when allowed by law:

(d)(2) Attorney's Fees.

(A) When allowed by law, claims for attorney's fees and related nontaxable expenses shall be made by motion....

(B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought....

(C) On request of a party or class member, the court shall afford an opportunity for adversary submissions with respect to the motion in accordance with Rule

43(e).... The court **shall** find the facts and state its conclusions of law as provided in Rule 52(a), and a judgment shall be set forth in a separate document as provided in Rule 58.

W.R.C.P. 54(d) (emphasis added). There is no dispute that Wyo. Stat. Ann. § 27–14–615 allows for an award of attorney's fees or that Gonzales' attorney did not file a proper motion for his fees. The Division objected to those fees, and the district court issued a judgment awarding considerably less than Gonzales requested. However, the district court's judgment did not "find the facts and state its conclusions of law." We have said many times that the use of "shall" is considered mandatory language requiring that the directive be obeyed. *Russell v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 944 P.2d 1151, 1155 (Wyo.1997). The district court's order did not contain any findings of fact or conclusions of law and, therefore, the order awarding attorney's fees did not comply with the applicable rule. This constitutes an error of law. Although the court has considerable discretion in awarding attorney's fees, it "does not enjoy any discretion with respect to an error of law." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). Therefore, we reverse and remand with instructions to the district court to reconsider the attorney's fees award and issue an order containing findings of fact and conclusions of law.

In *Cargile v. State ex rel. Wyo. Workers' Comp. Div.*, 965 P.2d 666 (Wyo.1998), we suggested the following to a hearing examiner upon remand:

In resolving the issue with respect to attorney fees, the hearing examiner, upon remand, may find it desirable to refer to the factors outlined in Wyo. Stat. § 1–14–126(b) (1997). That statute provides:

(b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:

(i) The time and labor required, the novelty and difficulty of the questions

involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

*Id.* at 668–69. This statute relates to the discretion of the district court in awarding fees and encompasses a policy of the State of Wyoming. *Id.* at 669. We will assume that, on remand, the district court's findings of fact and conclusions of law will appropriately reflect consideration of these factors justifying the attorney's fees awarded. *See id.*

The Division suggests our remand should limit the district court to proceeding without a hearing. We decline to impinge on the district court's discretion to conduct a hearing if it determines one is necessary for resolution of the issue before it.

## CONCLUSION

We reverse and remand to the district court for reconsideration of its attorney's fee award, which shall include appropriate findings of fact and conclusions of law to support that award.