**Maxine H. HARRIS, Appellant (Plaintiff),**

v.

**Wendy L. SCHUETZ, in capacity of Principal Claims Analyst, for Workers' Safety and Compensation Division, Department of Employment, State of Wyoming, Appellee (Defendant).**

No. 97–138.

Supreme Court of Wyoming.

Dec. 11, 1997.

Donald L. Painter, Casper, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Attorney Donald Painter appeals a district court order denying attorney fees in a mandamus action against the Division of Workers' Compensation. We affirm.

### ISSUES

Painter's sole issue presented is:

1. Whether the District Court properly denied the payment of attorney's fees in this case.

The Division presents these two issues:

A. The district court denied attorney fees for a mandamus action brought to review agency inaction. Was the denial of fees an abuse of discretion?

B. The Appellant has disregarded the Wyoming Rules of Appellate Procedure. Should the Court summarily affirm?

## FACTS

On December 11, 1996, Maxine Harris' claim for worker's compensation was denied by the Division. She requested a hearing on December 19, 1996. On March 12, 1997, Harris filed a Petition for Writ of Mandamus against Wendy L. Schuetz, the principal claims analyst for the Division. On March 20, 1997, an order to appear and show cause was issued to Schuetz and served on her at her office. On April 8, 1997, Harris filed a notice of dismissal without prejudice in the action, and her attorney, Painter, filed a motion for an award of attorney's fees in the amount of $225.00. The district court issued a decision letter which stated:

> [Both judges of the 7th Judicial District] reviewed your Motion for Award of Attorney's Fee in the referenced case. Based upon that review, I would decline to grant your request for an award of attorney's fees. It appears that the case involved a petition for writ of mandamus brought on behalf of your client. The matter was not an appeal of a worker's compensation matter. There was no appointment of you as counsel in the action. No citation was made to statute or other legal authority to require the award of attorney's fees in connection with this action. Therefore, I have entered the enclosed Order Denying Motion for Award of Attorney's Fee.

Painter filed a notice of appeal and included in the record on appeal an affidavit of facts to the record without approval by the district court. He also appended to his brief letters sent to the Division on behalf of Harris which are not part of the record.

## DISCUSSION

 The mandamus action was filed in this case to compel agency action. Mandamus is not proper if an adequate remedy at law exists and cannot substitute for an appeal. *Allendale Water & Sewer Dist. v. State*, 919 P.2d 146, 149 (Wyo.1996). The Wyoming Administrative Procedures Act, Wyo. Stat. § 16-3-114(a) (1997), and Wyo. R.App. P. 12.01 expressly authorize judicial review of agency inaction. Neither the Division nor Painter have informed the court whether the Division's rules provide instruction as to how a claimant is to proceed if the Division does not respond to a claimant's request for a hearing; however, the Division contends that the proper remedy for this kind of agency inaction is a petition for review. Given the Division's position, it is equitable to assume that if no express provision is made then, after a reasonable period of time, inaction is deemed a denial of that request, and the proper course is to file a petition for review of the Division's failure to set a hearing. Painter points out that statute requires the Division to set a hearing immediately upon request. This statutory language certainly bears upon a construction of what a reasonable time period should be. In this case, Painter filed his petition for mandamus almost ninety days after Harris requested a hearing, and no response from the Division was received. Harris had waited a reasonable amount of time; however, we hold the appropriate remedy was to file a petition for review of agency inaction. Because there was an adequate remedy at law, an action for mandamus was improper.

Painter does not provide argument or authority as to why he should be entitled to attorney's fees when he did not comply with the workers' compensation statutes and, as outlined in the Division's brief, his appeal violated numerous rules of appellate procedure. Under these circumstances, we affirm the district court's order denying attorney fees.