Oscar **JUROSZEK**, Appellant (Petitioner),

v.

**CITY OF SHERIDAN BOARD OF ADJUSTMENT, Appellee (Respondent).**

**No. 97–88.**

Supreme Court of Wyoming.

Dec. 19, 1997.

John G. Fenn of Yonkee & Toner, Sheridan, for Appellant.

Stephen K. Gregersen, Sheridan, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellee City of Sheridan Board of Adjustment granted a zoning variance for a funeral home and crematorium to be constructed in a residential area on land which adjoined Appellant Oscar Juroszek's property. Juroszek petitioned the district court, asking it to overturn the Board of Adjustment's decision, and the district court denied his request. Juroszek appeals from the district court's denial.

We reverse the Board of Adjustment's decision.

### ISSUES

Juroszek presents three issues on appeal:

1. Did the Sheridan Board of Adjustment act arbitrarily and capriciously when failing to make specific findings as required by W.S. § 15–1–608(b)(ii), and was its decision supported by substantial evidence when granting a variance for a funeral home to be placed in a[n] R–1 residential area?

2. Did the Board of Adjustment's failure to adopt rules and regulations pursuant to the enabling stat[ut]e and W.A.P.A. cause [its] decision to grant a variance to be prejudicially fatal?

3. Did the Board of Adjustment's failure to adopt rules and regulations cause the notice provided regarding its June 13, 1996 hearing to be defective and contrary

to well established notice requirements of administrative hearings?

## FACTS

Mark Ferries submitted a sketch plat to the City of Sheridan Planning Commission in April 1996, proposing a planned unit development to reorganize lots in the Colony South Addition. The planned unit development contemplated that a funeral home site would be located on approximately 2.1 acres, a residential development would be located on 3.3 acres, and an open space would be left on the remaining 1.4 acres. The existing lots had previously been zoned R–1 under the zoning ordinance for single family residential homes. The Planning Commission directed Ferries to request a zoning ruling from the Board of Adjustment on what zone a funeral home should be allowed in.

The Board of Adjustment published a notice in the local newspaper on May 4, 1996, and May 8, 1996, advising that it would consider Ferries' proposal at its May 9, 1996, meeting. At that meeting, the Board members discussed whether a funeral home was an allowed use for an R–1 residence district. They agreed that, although they would not generally allow funeral homes to be constructed within residence districts, the proposed funeral home was appropriate for this particular area. The Board of Adjustment recommended that Ferries apply for a variance which would allow the funeral home to be built in this area.

Ferries applied for a variance and attached a memorandum which explained the reasons why the Board of Adjustment should allow the funeral home to be constructed in the R–1 residence district. The Board of Adjustment published a notice on June 8, 1996, and June 13, 1996, advising that it would consider Ferries' application for a variance on June 13, 1996. The Board members unanimously approved Ferries' application at its June 13th meeting. The minutes from that meeting provided:

3. Request for variance to place a funeral home in a[n] R1 Residential Zone at Lots 5 through 15, Block 1, and Lots 5 through 13, Block 2, Colony South Addition.

Discussion: [Phil] Nowak reminded the City that, pursuant to instructions to the City, he would appreciate that a copy of the actual language of proposed variance be included in the package for the board of adjusters. There was general assent. Clay Jenkins suggested that, during the current re-write of the zoning ordinance, the issue of proper placement of funeral homes be addressed. He pointed out that funeral homes are nowhere mentioned in the zoning ordinance, and thus are presumably only allowed in Zones B2 or lower. This is so because all zones higher than B1 define "allowed uses," without mentioning funeral homes. All zones below B2 exclude uses, without mentioning funeral homes.

Motion to Grant Variance: [Phil] Nowak

Second: Nancy Drummond

Vote: 4—0 Variance granted.

The Board of Adjustment did not consider other business during this meeting.

Juroszek, who was an adjacent landowner, filed a petition on July 26, 1996, asking the district court to overturn the Board of Adjustment's decision. The district court denied his request, and Juroszek appealed to this Court.

## STANDARD OF REVIEW

W.R.A.P. 12.09(a) limits judicial review of an administrative decision to a determination of the matters which are specified in WYO. STAT. § 16–3–114(c) (1997). Section 16–3–114(c) provides in pertinent part:

(c).... The reviewing court shall:

· · ·

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

· · ·

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We review an administrative decision as if it had come directly to this Court from the agency. *Dunning v. Ankney*, 936 P.2d 61, 63

(Wyo.1997). We are not compelled to accept the conclusions reached by the district court. *Id.*

 In determining whether an agency's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we review the record as a whole to ascertain whether the agency's decision was supported by substantial evidence. *Holding's Little America v. Board of County Commissioners of Laramie County,* 670 P.2d 699, 703 (Wyo.1983). Substantial evidence in this context means relevant evidence which a reasonable mind could accept as being adequate to support a conclusion. *Id.* To determine if substantial evidence exists, we review all the evidence and decide whether the agency could reasonably conclude as it did. *Ward v. Board of Trustees of Goshen County School District No. 1,* 865 P.2d 618, 623 (Wyo.1993). The party attacking the agency's decision has the burden of proving that the decision was not supported by substantial evidence. *Pfeil v. Amax Coal West, Inc.,* 908 P.2d 956, 962 (Wyo.1995).

**DISCUSSION**

 Juroszek contends that the Board of Adjustment acted arbitrarily and capriciously in granting a variance without providing specific findings and that, therefore, its decision was not supported by substantial evidence. The Board of Adjustment argues that its decision to grant the variance was supported by the memorandum which Ferries attached to his application for a variance and by the minutes of the May 9, 1996, meeting and that, since the case was not contested, the Board of Adjustment did not have to provide specific findings with its decision.

The Board of Adjustment is an administrative agency which has the power to grant variances related to land use matters. WYO. STAT. § 15–1–608 (1997). Section 15–1–608(b)(ii) authorizes the Board of Adjustment to:

(ii) Vary or adjust the strict application of any of the requirements of any ordinance adopted pursuant to this article in the case of any physical condition applying to a lot or building if the strict application would deprive the owner of the reasonable use of the land or building involved. No adjustment in the strict application of any

provision of an ordinance may be granted unless:

(A) There are special circumstances or conditions, fully described in the board's findings, which are peculiar to the land or building for which the adjustment is sought and do not apply generally to land or buildings in the neighborhood, and have not resulted from any act of the applicant subsequent to the adoption of the ordinance;

(B) For reasons fully set forth in the board's findings, the circumstances or conditions are such that the strict application of the provisions of the ordinance would deprive the applicant of the reasonable use of the land or building, the granting of the adjustment is necessary for the reasonable use thereof and the adjustment as granted is the minimum adjustment that will accomplish this purpose; and

(C) The granting of the adjustment is in harmony with the general purposes and intent of the ordinance and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.

Under this section, the Board of Adjustment must provide findings which set out the relevant factors that it considered and addressed in making its decision. The record does not contain the required findings nor does it reveal that the Board members considered the statutory factors before they voted. In fact, the minutes of the June 13, 1996, meeting only indicate that the meeting lasted seven minutes during which time the Board members unanimously voted to grant the variance. When an agency does not set forth the reasons for its action, this Court cannot determine whether it considered the relevant factors. *Holding's Little America,* 670 P.2d at 704.

The Board of Adjustment failed to provide findings of fact and conclusions of law with its decision pursuant to § 15–1–608(b)(ii); therefore, its decision to grant the variance was not in accordance with the law, § 16–3–114(c)(ii)(A), regardless of whether or not

this was a contested case. Because our holding on this issue is dispositive, we will not address the remaining issues. *Fowler v. Fowler*, 933 P.2d 502, 506 (Wyo.1997).

The Board of Adjustment's decision is reversed.