In the Matter of the Worker's Compensation Claim of Edward A. CARGILE, an Employee of Ruan Transport.

Edward A. CARGILE and Maren Kay Felde, Appellants (Petitioners),

v.

STATE of Wyoming ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, and Wyoming Office of Administrative Hearings, Appellees (Respondents).

No. 97–153.

Supreme Court of Wyoming.

Sept. 23, 1998.

Maren Kay Felde, Cheyenne, for Appellants (Petitioners).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General for Appellees (Respondents).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

THOMAS, Justice.

Edward A. Cargile and Maren Kay Felde (the Petitioners) seek review of an Order Awarding Attorney Fees and Costs for Felde's representation of Cargile before the Office of Administrative Hearings in a contested case relating to Cargile's application for extended permanent disability benefits. Without making any record other than striking certain items from, and making notes on,

* Chief Justice at the time of expedited conference.

Felde's itemization of costs and fees, the hearing examiner reduced the request for fees and costs by $303.01. The record is silent with respect to any facts or factors considered by the hearing examiner in making this determination. In the absence of a record reflecting the material facts and the rationale upon which the hearing examiner proceeded to reduce the fee request, we cannot pursue any appropriate judicial review pursuant to WYO. STAT. § 16–3–114(c) (1997). We remand the case to the Office of Administrative Hearings with instruction to hold a hearing on the motion for attorney fees and costs at which an appropriate record can be made reflecting the facts and the rationale accounting for the action of the hearing examiner in reducing the fees and costs.

In the Brief of Petitioners, filed on behalf of Cargile and Felde, these issues are set forth:

### Issue 1

Did the Respondent Wyoming Office of Administrative Hearings (OAH) act in an arbitrary and capricious manner, not in accordance with the law, and in abuse of its discretion, when it entered its January 30, 1997 *ORDER ALLOWING ATTOR-NEY FEES AND COSTS,* effectively denying Petitioner Maren K. Felde (Felde) her reasonable attorney fees incurred in representing Petitioner Edward A. Cargile (Cargile) in his contest of the Respondent Wyoming Workers' Safety and Compensation Division's adverse final determination concerning Cargile's claim for workers' compensation benefits?

### Issue 2

Did the Respondent Wyoming Office of Administrative Hearings (OAH) act to deprive Petitioner Cargile of his rights guaranteed by Wyoming's Constitution, including his right to equal protection free of absolute and arbitrary power of the government, and his right to due process provided by law, when it entered its January 30, 1997 *ORDER ALLOWING ATTOR-NEY FEES AND COSTS,* effectively denying Petitioner Maren K. Felde (Felde) her reasonable attorney fees incurred in

representing Petitioner Edward A. Cargile (Cargile) in his contest of the Respondent Wyoming Workers' Safety and Compensation Division's adverse final determination concerning Cargile's claim for workers' compensation benefits?

In the Brief of Appellee, State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division (the Division), the issue is stated as:

A. A Hearing Examiner denied part of an attorney's fee request he found "excessive" and partially denied costs. Was the Hearing Examiner's decision an abuse [of] his discretion, contrary to law, or contrary to the state constitution?

In May of 1989, Cargile was involved in a work related accident which resulted in injuries to his legs and his heart. Cargile received various awards of benefits from the Division. In 1996, he applied for extended permanent disability benefits which were denied by the Division on June 24, 1996, in a letter denominated Final Determination. In accordance with WYO. STAT. § 27–14–602(d) (Supp.1996), the Office of Administrative Hearings (OAH) appointed Felde to represent Cargile in connection with the contested case hearing. Felde's representation resulted in a settlement agreement which was filed with the Division on October 28, 1996. Felde then submitted a motion for attorney fees and costs with an attached itemization of the time and costs for representing Cargile.

The parties interpret the succeeding events differently. Felde contends that all parties had a copy of the motion for attorney fees and costs, and that the Division had posed no objection to her fee request. According to Felde, the usual protocol within the OAH, the "unwritten rules," allowed an attorney to submit a bill for fees and costs. The bill then either would be paid, or, if it was questioned, an inquiry would be sent requesting more information, and a hearing invoking contested case procedures would be held. Felde contends that the departure by the OAH from its usual practices in this case is arbitrary and capricious.

The Division views the situation somewhat differently. In its brief, the Division com-

plains that Felde's motion was not verified nor was it accompanied by any affidavit, and it was not signed. Therefore, the Division contends that it was properly denied. Further, the Division argues that Felde failed to request a hearing when she filed the motion and that neither the statutes nor the rules of the OAH require the OAH to grant a hearing or take additional evidence before denying fees and costs. Furthermore, the Division contends that, since Felde did not submit evidence that her fees were reasonable, she cannot complain about an adverse decision. Finally, while the Division accuses Felde of having no evidence to support her assertion that there are "unwritten rules," conspicuous by its absence is any denial by the Division that the protocol exists.

The only information in the record in this review proceeding is the Order Awarding Attorney Fees and Costs and the attachment thereto. Pursuant to that order, the OAH denied parts of Felde's request for attorney fees and costs. The hearing officer accomplished this by drawing lines through items he determined should not be paid. All costs identified as postage were denied; all copies charged at $0.15 a page were reduced to $0.10 a page; and the hearing officer wrote in the margin "Legal Research excessive will pay 3 hrs," and he lined out three of the six hours of legal research. He also denied the one half hour for filing and mailing the settlement agreement and an hour for preparing the motion for fees. He granted the remaining $1,451.90 of the $1,754.91 requested. Felde sought judicial review of the Order Awarding Attorney Fees and Costs, and the district court certified the case to this Court pursuant to WYO. R. APP. P. 12.09.

Our review is accomplished pursuant to WYO. R. APP. P. 12.09(a), and it is governed by WYO. STAT. § 16–3–114(c) (1997) which provides:

The reviewing court shall:

* * *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ The Order Awarding Attorney Fees and Costs, which denied Felde a part of her requested attorney fees, is an adverse order subject to the provisions of WYO. STAT. § 16–3–110 (1997) which provides:

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. * * *

■ In this instance, the hearing officer failed to include findings of fact and conclusions of law separately stated. Neither did he provide any factual or legal grounds to justify his reduction of the requested attorney fees. In the absence of this information in the record, we cannot accomplish a meaningful review of the final order of the OAH in accordance with the provisions of WYO. STAT. § 16–3–114(c). The only conclusion we can reach is that the Order Awarding Attorney Fees and Costs was arbitrary, capricious, without observance of procedure required by law, and not in accordance with law. WYO. STAT. § 16–3–114(c)(ii)(A) & (D). *Juroszek v. City of Sheridan Bd. of Adjustment,* 948 P.2d 1370, 1373–74 (Wyo.1997). We reverse the Order Awarding Attorney Fees and Costs and remand the case to the OAH to conduct a hearing and develop an adequate record for review. This disposition effectively resolves the second issue claimed by the Petitioners, and we do not address it further.

■ In resolving the issue with respect to attorney fees, the hearing examiner, upon

remand, may find it desirable to refer to the factors outlined in WYO. STAT. § 1–14–126(b) (1997). That statute provides:

(b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:

(i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

While this statute specifically relates to the discretion of a trial court in awarding fees, it does encompass a policy of the State of Wyoming which is useful in resolving the issues in this case. In any event, we assume that the findings of fact and conclusions of law by the hearing examiner will appropriately reflect the reasons and the justification for reducing the amount to be awarded as attorney fees. *See State ex rel. Workers' Compensation Div. v. Brown,* 805 P.2d 830, 834 (Wyo.1991).

It seems clear to us that in view of the position adopted by the Division in this instance, every attorney who files a motion for attorney's fees and costs with the OAH will henceforth request a hearing at the time the motion is filed. While that may seem a burden on the administrative process, we do not see that the attorney will have any choice. Given that situation, the Court won-

ders if it would not be prudent for the OAH to adopt by rule some protocol which would permit an attorney to file a motion for attorney's fees and costs without requesting a hearing, but which would automatically afford a hearing if there was a challenge to the requested fees and costs or in the event that the OAH concluded that some reduction was in order.

Reversed and remanded for a hearing in the Office of Administrative Hearings on the motion for attorney fees and costs.