**Donald L. PAINTER, Appellant (Plaintiff),**

v.

**Kenneth E. SPURRIER, Hearing Examiner, Internal Hearing Unit, Workers' Safety and Compensation Division, State of Wyoming, Appellee (Defendant).**

**No. 97–141.**

Supreme Court of Wyoming.

Dec. 10, 1998.

Donald L. Painter, pro se Appellant.

William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Attorney Donald Painter appeals the district court's denial of his petition for a writ of mandamus to compel a hearing on his claim for attorney fees from the Wyoming Worker's Compensation Division. We affirm.

Appellant Painter presents the following issue for our review:

1. Whether Appellant is an "interested party" as that phrase appears in Section 27–14–601(k)(iv) W.S.1977.

The Division states the issues as follows:

A. The Appellant never served the Petition for Writ of Mandamus on the Appellee, and he had an adequate remedy at law. Should the Court dismiss for lack of jurisdiction?

B. The Appellant cited no statutory authority for a hearing on his attorney fee

---

* Chief Justice at time of expedited case conference; retired November 2, 1998.

application. Was the denial of mandamus an abuse of discretion?

C. The Appellant has disregarded the Wyoming Rules of Appellate Procedure. Should the court summarily affirm?

## FACTS

Painter filed a Petition for Writ of Mandamus on February 12, 1997, against Kenneth E. Spurrier, a hearing examiner with the Internal Hearing Unit of the Division,[1] seeking to compel Spurrier to refer a claim for a hearing. In the petition, Painter alleged that on November 22, 1996, he made a claim for attorney fees incurred in the representation of William D. Herbold in a worker's compensation matter. He further alleged that the only response he received was a letter from Spurrier dated January 21, 1997, and that Spurrier did not issue a final determination regarding Painter's claim for attorney fees within sixty days, as is required by W.S. 27–14–601(k)(iv) (1997). Painter stated in the petition that Spurrier had a legal duty under W.S. 27–14–601(k)(iv) to refer the claim for attorney fees for a hearing before a hearing examiner, which required no judicial or administrative discretion.

The district court, by letter to Painter dated February 18, 1997, requested additional information. Specifically, the court indicated that it did not receive a copy of the January 21, 1997 letter from Spurrier, and requested a copy of the order appointing Painter as attorney. Further, the court asked Painter to specify that portion of the statute creating a legal duty in Spurrier to refer Painter's claim for attorney fees for a hearing before a hearing examiner. The requested information is not included in the transmitted record, and we have no indication that it was provided to the court.

On March 10, 1997, the court entered an order denying mandamus. The court found that an attorney seeking an award of attorney fees is not an interested party within the provisions of W.S. 27–14–601(k)(iv) and that attorney fees cannot be awarded where there was never an order appointing the attorney. Painter appeals the district court's order.

## DISCUSSION

■ The mandamus action was filed in this case to compel agency action. "Mandamus is not proper if an adequate remedy at law exists and cannot substitute for an appeal." *Harris v. Schuetz,* 948 P.2d 907, 908 (Wyo.1997); W.S. 1–30–104 (1997). The Wyoming Administrative Procedure Act expressly provides that "any person aggrieved or adversely affected in fact by * * * agency action or inaction * * * is entitled to judicial review in the district court." W.S. 16–3–114(a) (1997). In *Harris,* we determined that Division inaction on a request for hearing is deemed a denial of the request after a reasonable amount of time has passed. *Harris,* 948 P.2d at 908. Absent an express provision in the statutes or rules instructing how a claimant is to proceed, the appropriate remedy at that point is to file a petition for review of the Division's failure to act on the request. *Id.* Because Painter had an adequate remedy at law, an action for mandamus was improper; therefore, we affirm the district court's order.

■ In the course of bringing this appeal, Painter violated several rules of appellate procedure. Painter designated the entire court file to be transmitted on appeal and did not serve a copy of the designation on appellee. *See* W.R.A.P. 3.05(e), (b). The statement of facts contains no reference to the record and merely incorporates the facts stated in the Petition for Writ of Mandamus in the court file. *See* W.R.A.P. 7.01(e)(2). In his brief, Painter referred to items appended thereto, which were not properly made part of the transmitted record on appeal. *See generally* W.R.A.P. 7.01(f), (j), 3.01, 3.03, 3.05. Finally, Painter offers no cogent argument or pertinent legal authority in support of his position. *See* W.R.A.P. 7.01(f). Accordingly, we assess against him the Division's costs of preparing for this appeal pursuant to W.R.A.P. 1.03.

---

1. The Internal Hearing Unit was created by the Division to resolve contested matters which are not required to be heard by the Office of Administrative Hearings or the Medical Commission.