Janice WHITEMAN, Appellant
(Petitioner),

v.

WYOMING WORKERS' SAFETY AND
COMPENSATION DIVISION, DE-
PARTMENT OF EMPLOYMENT,
STATE OF WYOMING, Appellee (Re-
spondent).

No. 97–324.

Supreme Court of Wyoming.

May 18, 1999.

Donald L. Painter, Casper, WY., Representing Appellant.

William U. Hill, Attorney General, Gerald W. Laska, Senior Assistant Attorney General, and Bernard P. Haggerty, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Janice Whiteman appeals a district court order affirming the Office of Administrative Hearing's (OAH) denial of attorney fees. Because the attorney was never appointed by the OAH, denial of attorney fees was proper. We affirm.

*Chief Justice at time of expedited case confer-

### ISSUES

Appellant Whiteman states the issues as:

I. Whether the Order entered by the hearing examiner [on] March 27, 1997[,] complies with W.S. § 16–3–110 generally requiring Findings of Fact and Conclusions of Law separately stated.

II. Whether the same Order is arbitrary and capricious.

Wyoming Workers' Safety and Compensation Division, as appellee, states the issues as:

A. Was the language of the order denying fees proper?

B. Was the denial of fees within the Hearing Examiner's discretion and in accordance with law?

### FACTS

While working in 1991, Janice Whiteman was injured; and, as a result, she received worker's compensation benefits. On January 23, 1996, the Division notified Whiteman that she would no longer receive temporary total disability benefits because she had attained an ascertainable loss and was assigned a permanent impairment rating on October 30, 1995. In its Final Determination letter, the Division notified Whiteman that she had until February 16, 1996, to object to its determination and request a hearing. The record bears no indication that Whiteman objected; however, on February 1, 1996, Whiteman filed a Motion for Appointment of Counsel with the OAH, listing Mr. Donald Painter as her attorney. The OAH never entered an order granting Whiteman's Motion for the Appointment of Counsel.

In a letter dated February 6, 1996, the Division notified Whiteman of her permanent award amount and informed Whiteman that she had until March 4, 1996, to object to the determination by requesting a hearing. Whiteman did not object to this determination, but rather accepted the award amount by signing and returning the letter to the Division on February 23, 1996.

In an August 8, 1996 Final Determination letter, the Division denied Whiteman's request for payment of a $58.97 bill for pre-

ence; retired November 2, 1998.

scription drugs. This letter notified Whiteman that she had until September 4, 1996, to disagree with the determination by requesting a hearing. On August 28, 1996, Whiteman took advantage of her right to contest the determination; she filed an objection and requested a hearing. The Division referred the matter to the OAH and requested a small claims hearing, notifying Whiteman that, in a small claims hearing, "[n]o attorney fees or other costs shall be allowed by the hearing examiner on behalf of or for any party. In addition, the attorney general's office shall not represent or directly assist the division in the preparation for a hearing under this statute." Whiteman did not object to the Division's decision to use a small claims hearing.

On February 7, 1997, Whiteman submitted a Motion for Award of Attorney's Fee in the amount of $480.64 for attorney services from January 4, 1996, to January 30, 1997, which Whiteman later amended to include fees for January 25, 1996, to September 16, 1996, only. The OAH denied the motion for attorney fees and costs on March 26, 1997. The district court affirmed the OAH's order, from which Whiteman now appeals.

## STANDARD OF REVIEW

■■■ This court reviews agency decisions by looking at the record as a whole. *Juroszek v. City of Sheridan Bd. of Adjustment*, 948 P.2d 1370, 1373 (Wyo.1997). Judicial review of an administrative decision is limited by W.R.A.P. 12.09(a) to those matters that are specified in Wyo. Stat. Ann. § 16-3-114(c) (Michie 1997). *Matter of Everheart*, 957 P.2d 847, 851 (Wyo.1998). Section 16-3-114(c) provides that

the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

\* \* \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]

\* \* \*

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

When a case initiated in an administrative agency comes before this court on appeal, we accord no special deference to the decision of the district court. Instead, we review the case as if it had come directly to us from the agency. *Manning v. State ex rel. Worker's Compensation Div.*, 938 P.2d 870, 872 (Wyo. 1997); *Nellis v. Dep't of Transp.*, 932 P.2d 741, 743 (Wyo.1997). However, this court will defer to an agency's findings of fact if they are supported by substantial evidence. Wyo. Stat. Ann. § 16-3-114(c)(ii)(E); *Clark v. State ex rel. Worker's Safety & Compensation Div.*, 934 P.2d 1269, 1272 (Wyo.1997). We have defined substantial evidence as "relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion." *Casper Oil Co. v. Evenson*, 888 P.2d 221, 224 (Wyo.1995). Agency action is arbitrary and capricious if it is "willful and unreasonable, without consideration and in disregard of the facts and circumstances." *Matter of Corman*, 909 P.2d 966, 971 (Wyo. 1996).

## DISCUSSION

■■■ The applicable version of the Worker's Compensation Act that governs this matter is the law that was in effect on the date of Whiteman's injury. *See Manning*, 938 P.2d at 873; *Painter v. State ex rel. Worker's Compensation Div.*, 931 P.2d 953, 954 (Wyo. 1997); *State ex rel. Worker's Compensation Div. v. Jacobs*, 924 P.2d 982, 984 (Wyo.1996). The record is unclear about the exact date of Whiteman's injury. The Division asserts that the appropriate date to use is February 23, 1996, when Whiteman accepted the physical impairment award, because Whiteman failed to establish any other injury date as required by *Rodgers v. State ex rel. Worker's Compensation Div.*, 939 P.2d 246, 249 (Wyo. 1997). In contrast, Whiteman believes the accurate injury date to use is 1991. Regardless of which version of the Act we use, the legislature has not changed the pertinent language of Wyo. Stat. Ann. § 27-14-602(d) (Michie 1997) which grants the hearing ex-

aminer discretion of whether or not to appoint an attorney and whether to award attorney fees to an appointed attorney.

■ Whiteman claims that the OAH acted arbitrarily and capriciously by not acting on her Motion for Appointment of Counsel for over a year and then relied on its own inaction as a basis for denying her Motion for Award of Attorney's Fee. Nevertheless, Whiteman did not raise the appointment issue at the agency level,[1] nor did she raise that issue while seeking review in the district court. Therefore, we will not consider the argument regarding appointment. This court, however, does have jurisdiction to review the OAH's denial of Whiteman's Motion for Award of Attorney's Fee, despite the Division's argument to the contrary, because Whiteman has properly raised the issue of denial of attorney fees.

This court has examined the hearing examiner's discretion to appoint and award attorney fees several times. In *Painter*, 931 P.2d at 955, we held that once the Division has issued a final determination regarding the compensability of an injury or claim, the hearing examiner has the authority to appoint an attorney and award fees to the appointed attorney regardless of whether a formal request for a contested case is filed. The hearing examiner still maintains discretion to make the decision on a case-by-case basis because the appointment of an attorney is not compulsory. *Id.* at 956.

■ A hearing examiner's broad discretion to appoint an attorney, however, is not without limitation. In *Manning*, 938 P.2d at 873, we held that if a claim has not been filed, then the hearing examiner lacks discretion to appoint an attorney or award attorney fees on the claimant's behalf; mere inquiries by the claimant to the Division are insufficient. Additionally, if the hearing merely relates to the timeliness of filings and benefits are not at issue, then the hearing examiner lacks the authority to appoint counsel and award attorney fees. *Sheneman v. Division of Workers'*

*Safety & Compensation Internal Hearing Unit,* 962 P.2d 874, 876 (Wyo.1998).

■ Although not raised by either party, the present facts illustrate another exception to the hearing examiner's broad discretion: the plain language of the statute indicates that the hearing examiner's authority does not extend to awarding fees to a non-appointed attorney. In her argument, Whiteman ignores the statute's discretionary language which gives the hearing examiner authority to grant attorney fees. Section 27–14–602(d) states: "Upon request,[2] the hearing examiner *may appoint* an attorney to represent the employee or claimants and *may allow the appointed attorney a reasonable fee* for his services at the conclusion of the proceeding." (Emphasis added.) Because the issue of whether the agency acted properly in denying Whiteman's Motion for Appointment of Counsel is not before this court on appeal, we must decide this case accepting as correct that Painter was not appropriately appointed as Whiteman's attorney.

Inasmuch as Painter was not appointed and did not meet the requirements of Wyo. Stat. Ann. § 27–14–602(d), the statute required the hearing examiner to deny Whiteman the award of attorney fees. The hearing examiner did not have the power, much less the discretion, to award attorney fees to a non-appointed attorney. Therefore, substantial evidence existed upon which the hearing examiner could base the order and which a reasonable mind would accept as adequate evidence to support the agency's denial of attorney fees.

### Hearing

The Division argues that a hearing was not required because Whiteman did not request a hearing when she filed her Motion for Award of Attorney's Fee. Furthermore, the Division argues that neither the Act nor the Division rules require the OAH to grant a

---

1. The Wyoming Administrative Procedure Act, Wyo. Stat. Ann. § 16–3–114(a) (Michie 1997), and W.R.A.P. 12.01 expressly authorize judicial review of agency inaction. *Harris v. Schuetz,* 948 P.2d 907, 908 (Wyo.1997). After a reason-able period of time, agency inaction is deemed a denial of that request. *Id.*

2. The Legislature added the "upon request" language in 1992.

hearing before denying fees and costs. We agree.

■ The parties have not cited, nor are we aware of, any statutes or rules requiring a hearing in such a proceeding. If the matter is a contested case, Wyo. Stat. Ann. § 16-3-107 (Michie 1997) requires that the claimant receive a hearing. We also have held that "[p]rocedural due process principles require reasonable notice and a meaningful opportunity to be heard before government action may substantially affect a *significant property interest*." (Emphasis added). *Pfeil v. Amax Coal West, Inc.*, 908 P.2d 956, 961 (Wyo.1995) (citing *Amoco Production Co. v. State Bd. of Equalization*, 882 P.2d 866, 872 (Wyo.1994)). Because the matter here was not a contested case and Whiteman has failed to cite appropriate authority to show that the award of attorney fees is a constitutionally protected property interest, no hearing was required. If Whiteman had wanted the opportunity to be heard, she could have requested a hearing either on the Motion For Appointment of Counsel or when she filed her Motion For Award of Attorney's Fee. Because Whiteman did not avail herself of either opportunity, the OAH's failure to hold a hearing before denying attorney fees was not improper and did not violate her due process rights.

### *Wyo. Stat. Ann. § 16–3–110 (Michie 1997)*

■ The purpose of Wyo. Stat. Ann. § 16-3-110 (Michie 1997) is "to require the articulation of basic facts from which ultimate findings of fact are determined in order to facilitate judicial review." *Harris v. Wyoming State Tax Comm'n*, 718 P.2d 49, 51 (Wyo.1986). While the hearing examiner's order was sparse and did not have separate headings for findings of fact and conclusions of law, the order's brevity does not rise to the level of being arbitrary, capricious, or an abuse of the hearing examiner's discretion. The hearing examiner provided both a factual and a legal basis in the order, which adequately justified denying claimant's Motion for Award of Attorney's Fee. The hearing examiner found that the OAH had received Whiteman's request for appointment on January 26, 1996, and that the OAH had never entered an order appointing Painter as Whiteman's attorney. Furthermore, the hearing examiner stated the applicable language of Wyo. Stat. Ann. § 27-14-602(d), which authorizes the hearing examiner to appoint an attorney and award fees. Therefore, the order sufficiently meets the requirements of Wyo. Stat. Ann. § 16-3-110, providing this court with a basis for review.

Whiteman relies upon *Cargile v. Workers' Compensation Div.*, 965 P.2d 666 (Wyo.1998), wherein this court held that the hearing examiner's order was arbitrary and capricious and violated Wyo. Stat. Ann. § 16-3-110. In *Cargile*, the hearing examiner did not make a record, but merely drew lines through items he decided should not be paid on the claimant's itemization of the attorney fees and costs, without supplying any reasoning. *Id.* at 668. *Cargile*, however, is easily distinguishable from the present set of facts because, in this case, the hearing examiner listed the pertinent facts and legal reasoning supporting the denial of Whiteman's attorney fees.

### *CONCLUSION*

Absent Painter's appointment as Whiteman's attorney, the OAH was deprived of both the power and the discretion to award attorney fees. The OAH's order was adequately supported by facts, and there was no abuse of discretion by the hearing examiner. Accordingly, the order entered by the OAH is affirmed.