987 P.2d 670 (1999)
Janice K. WHITEMAN, Appellant (Petitioner),
v.
WORKERS' SAFETY AND COMPENSATION DIVISION, DEPARTMENT OF EMPLOYMENT, State of Wyoming, Appellee (Respondent).
No. 98-218.
Supreme Court of Wyoming.
September 7, 1999.
Representing Appellant: Donald L. Painter, Casper, Wyoming.
*671 Representing Appellee: Gay Woodhouse, Chief Deputy Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Darrell V. Goodman, Assistant Attorney General.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.
GOLDEN, Justice.
Janice K. Whiteman (Whiteman) petitions for review of a denial of permanent partial disability benefits. Whiteman limits her appeal to the application of the correct version of Wyo. Stat. Ann. § 27-14-405 to determine eligibility for benefits, claiming her "date of injury" is 1996 and the statute in effect on that date should apply. At the contested case hearing, both parties consented to the use of State ex rel. Wyoming Workers' Comp. Div. v. White, 837 P.2d 1095 (Wyo. 1992), the law in effect before the statute was amended in 1994. Because Whiteman is not entitled to benefits under either version of the statute, we affirm the hearing examiner and decline to decide the issue presented on appeal at this time.

ISSUE
Petitioner Whiteman presents a single issue for our review:
Whether the decision rendered in this matter was based upon the proper statute.
Respondent State of Wyoming, Department of Employment, Workers' Safety and Compensation Division, replies with this statement of the issue:
Were the Hearing Examiner's findings in accordance with law and supported by substantial evidence when she ruled that Claimant failed to prove a loss of earning capacity entitling her to an additional award of permanent partial disability?

FACTS
On November 5, 1988, Whiteman slipped and fell while working at JB's Restaurant in Rawlins, Wyoming. Whiteman received a 14% permanent partial impairment award on March 8, 1991, and a corresponding permanent partial disability loss of earnings award of 28.5% on September 24, 1992.[1] On March 24, 1996, after surgery on her lower back, she received another 32% permanent partial impairment award. All of the impairment awards arise from the single slip and fall injury of November 5, 1988. At the hearing, she requested an additional 25.5% permanent partial disability loss of earnings award, which would bring her to 100% impairment under the statute in effect at the time of her original injury, Wyo. Stat. § 27-14-405 (1991 Repl.Vol.).[2]
When Whiteman filed her injury report at the time of her injury, she stated she was earning $2.35 per hour, plus tips, for a total monthly income of $943.00. According to the vocational evaluation presented as an exhibit by Whiteman, she is now capable of earning $6.81 per hour. The hearing examiner determined she is capable of earning $6.71 per hour or $1,118.33 per month. Although she was not working at the time, the evaluation found that "[t]he restrictions provided by Dr. Pettine and her transferable skills lead me to believe she can return to work and maintain employment." The hearing examiner found substantial evidence that Whiteman has not suffered an increase of incapacity due solely to her injury and that she failed to show she suffered a loss of earnings. Whiteman filed a timely appeal. The district court certified the case to this Court pursuant to W.R.A.P. 12.09(b).

DISCUSSION
Judicial review of agency action is governed by Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999):

*672 To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
* * *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
* * *
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
It has been our long-standing rule that the law in effect at the time of the injury applies in determining and calculating workers' compensation benefits. Shapiro v. State ex rel. Wyoming Workers' Comp. Div., 703 P.2d 1079, 1081-82 (Wyo.1985). At the hearing on this matter, both parties agreed that the applicable statute was the version in effect when State ex rel. Wyoming Workers' Comp. Div. v. White, 837 P.2d 1095 (Wyo. 1992), was decided.
However, in her petition for review, Whiteman insists her "date of injury" is 1996, because she is applying for loss of earnings benefits based on the permanent partial physical impairment award she received in 1996, which is the first award for an injury to her low back. Because Whiteman did not present the new "date of injury" argument at the hearing, the record was not developed to determine whether the low back surgery might confer a second "date of injury" for the purpose of determining the applicable statute. The record supports a finding that Whiteman is not entitled to further permanent partial disability benefits under either version of the statute. Therefore, we decline to decide which version of the statute applies.[3]
Whiteman's original injury occurred in 1988. After surgery to her back, which resulted in an additional impairment rating of 32%, she applied for additional permanent partial disability loss of earnings benefits pursuant to Wyo. Stat. § 27-14-405 (1991 Repl.Vol.), the statute in effect in 1988. White applied that statute as follows:
Wyoming Statute XX-XX-XXX(b)(xvi) provides in pertinent part the source for an award for loss of earning capacity as follows:
One (1) factor to be considered is the ability of the employee to continue to perform work for which he was reasonably suited by experience or training prior to the injury * * *.
The award in this case was for disability caused by impairment of earning capacity which is loss of the ability to perform work for which White was reasonably suited by experience or training. Impairment of *673 earning capacity is determined by taking into consideration the following factors:
(a) Physical impairmentthe nature and extent of the injury.
(b) The worker's age.
(c) The worker's education.
(d) Ability to continue pre-injury employment.
(e) Post-injury employment prospects.
(f) Pre-injury earnings.
(g) Post-injury earnings.
No single factor of those listed above is determinative of the extent or existence of loss of earning capacity. They are all evidence to be considered together with all of the other facts and circumstances in determining whether a loss of earning capacity in fact occurred and, if so, the percentage of loss.
White, 837 P.2d at 1097 (citing McCarty v. Bear Creek Uranium Co., 694 P.2d 93 (Wyo. 1985)).
The hearing examiner's order clearly applied White when it denied additional benefits to Whiteman, making these findings:
(a) Physical impairment: injury to shoulder, neck and back.
(b) Age: 41
(c) Education: college sophomore
(d) Ability to continue pre-injury employment: The Employee-Claimant can no longer work as a waitress, but she can work in other jobs, including bank teller, clerk, receptionist, retail clerk, and light office work.
(e) Post-injury employment prospects: The Employee-Claimant has worked after her injury and is capable of finding work again.
(f) Pre-injury earnings: $943 per month.
(g) Post-injury earning capacity: $1,118.33 per month.
Whiteman maintains the outcome would have been different if the hearing examiner applied the current version of the statute, which was in effect in 1996. We disagree. If Whiteman's "date of injury" is the date of her back surgery in 1996, and assuming this would necessitate use of the statute in effect in 1996, the applicable version of the statute is now found in Wyo. Stat. Ann. § 27-14-405(h) (LEXIS 1999), which provides:
An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:
(i) The injured employee is because of the injury, unable to return to employment at a comparable or higher wage than the wage the employee was earning at the time of the injury;
(ii) An application for permanent partial disability is filed not before three (3) months after the date of ascertainable loss or three (3) months before the last scheduled impairment payment, whichever occurs later, but in no event later than one (1) year following the later date; and
(iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.
As noted earlier, the hearing examiner determined that Whiteman's pre-injury income was $943 per month and her current earning capacity is $1,118.33 per month. Additionally, Whiteman has already received awards for 74.5% whole body impairment. Her request for an additional 25.5% disability award would effectively result in a 100% disability award when, clearly, she is not totally disabled. Considering her health, education, training and experience, she could find suitable work if she sought it, and the hearing examiner correctly refused her application for additional disability benefits pursuant to Wyo. Stat. Ann. § 27-14-405.

CONCLUSION
Substantial evidence supports the hearing examiner's determination that Whiteman did not suffer a decrease of earning capacity due to her injury. Therefore, we affirm.
NOTES
[1] In 1988 the permanent partial disability statute allowed for determination of benefits based on a combination of physical impairment ratings and loss of earnings. Wyo. Stat. § 27-14-405 (1991 Repl.Vol.). In 1994 the statute was amended considerably and provided for separate benefits for physical impairment and permanent disability awards for loss of earnings. See 1994 Sess. Laws ch. 86, § 2; Wyo. Stat. Ann. §§ 27-14-403(a), -405(h) (LEXIS 1999).
[2] Whiteman did not apply for permanent total disability pursuant to Wyo. Stat. § 27-14-406, or for modification of benefits pursuant to Wyo. Stat. § 27-14-605.
[3] It is interesting to note that these parties have been before us on a previous occasion. We find the following discussion in that case:

The applicable version of the Worker's Compensation Act that governs this matter is the law that was in effect on the date of Whiteman's injury. See Manning [v. State ex rel. Workers' Compensation Div.], 938 P.2d [870] at 873 [(Wyo.1997)]; Painter v. State ex rel. Workers' Compensation Div., 931 P.2d 953, 954 (Wyo.1997); State ex rel. Workers' Compensation Div. v. Jacobs, 924 P.2d 982, 984 (Wyo. 1996). The record is unclear about the exact date of Whiteman's injury. The Division asserts that the appropriate date to use is February 23, 1996, when Whiteman accepted the physical impairment award because Whiteman failed to establish any other injury date as required by Rodgers v. State ex rel. Workers' Compensation Div., 939 P.2d 246, 249 (Wyo. 1997). In contrast, Whiteman believes the accurate injury date to use is 1991.
Whiteman v. Wyoming Workers' Safety and Comp. Div., 984 P.2d 1079, 1081 (Wyo.1999) (hereinafter "Whiteman I").
In the case at bar, the parties adopt the opposite positions from those taken in Whiteman I. The Division argues the 1991 law should apply, while Whiteman asserts 1996 law applies. In Whiteman I, we determined that the date of injury was not relevant because the applicable statutory language did not change between 1991 and 1996. Id.